IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

KENNETH HAWKINS,
          Petitioner,

-v-

UNITED STATES OF AMERICA,
          Respondent,

3:05CV1186AWT

00CR75AWT

..................................

**MOTION TO AMEND 28 U.S.C. § 2255 MOTION TO
VACATE, SET-ASIDE OR CORRECT SENTENCE**

    NOW INTO COURT, Comes Kenneth Hawkins, the petitioner appearing through Pro-Se representation and respectfully request and moves this Honorable Court for permission to file an amendment to his 28 U.S.C. § 2255 Motion To Vacate, Set-Aside Or Correct Sentence currently pending in this Honorable Court Pursuant To Federal Rules Of Civil Procedures, Rule 15(a).

    This is a Pro-Se Motion and such is to be held to less stringent standards than those drafted by an attorney. **CRUZ V. BETO,** 31 L. Ed. 2d. 263(1972): **HAINES V. KERNER,** 30 L. Ed. 2d. 652(1972). Additionally, its been held that Pro-Se Motions are to be construe in favor of the defendants. **DAVIS V. KELLY,** 160 F. 3d. 917(2nd. Cir 1998).

    A Memorandum Brief In Support Of This Motion Is Made Part Of This Motion By Reference Herein.

                                      Respectfully Submitted

                                      Kenneth Hawkins-Pro-Se

**MEMORANDUM BRIEF IN SUPPORT OF MOTION TO AMEND 28 U.S.C. § 2255 MOTION TO VACATE SET-ASIDE, OR CORRECT SENTENCE**

A.  JURISDICTION

Title 28 U.S.C. § 2242 provides that Habeas Corpus applications "may be amended or supplemented as provided in the Rules of procedures applicable to civil action." Rule 12 of the Rules governing 28 U.S.C. § 2255 proceedings authorizes the use of the Federal Rules Of Civil Procedures to be applied to § 2255 proceedings.

The Federal Rules Of Civil Procedures, Rule 15(a) gives habeas corpus petitioners like other civil complainants the right to amend the petition once without leave of the court "at any time before[the government files] a responsive pleading." **WILLIS V. COLLINS,** 989 F. 2d. 189. After the petitioner files one preanswer amendment or the respondent submits an answer or other responsive pleadings, Civil Rule 15 permits amendment "by leave of court or by written consent of the adverse party." **WITHROW V. WILLIAMS,** 123 L. Ed. 2d. 407. Leave to amend shall be freely given when justice so requires. **SANDERS V. UNITED STATES,** 10 L. Ed. 2d. 148(1963).

B.  STATEMENT OF THE FACTS AND PRIOR PROCEEDINGS

Mr. Kenneth Hawkins was indicted on December 27, 2000, on a three count superceding indictment. On February 9, 2001, Mr. Hawkins entered into a guilty plea to Count One, which charged Mr. Hawkins in conspiring to possess with intent to distribute 100 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1) and 846. Mr. Hawkins was then sentenced on July 27, 2001 to 170 months incarceration. A notice of appeal was timely filed, but unfortunately the Second Circuit Court Of Appeals affirmed Mr. Hawkins conviction and sentence, but on a motion for rehearing the circuit granted a hearing but thereafter affirmed the conviction and sentence. Mr. Hawkins did not proceed to the Supreme Court but instead filed a Motion Pursuant To 28 U.S.C. 2255 in this Honorable Court that was timely filed on February 22, 2005. Thus, this amendment follows and should be deem timely filed.

C.  POINTS AND AUTHORITIES

A guilty plea is not "voluntary in the sense that it constitutes an intelligent admission that[the defendant] committed the offense unless the defendant received real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process. **HENDERSON V. MORGAN,** 49 L. Ed. 2d. 108(quoting **SMITH V. O'GRADY,** 85 L. Ed. 859. Rule 11(c)(1) requires the district court to "address the defendant personally in open court" and advise the defendant of the nature of the charge to which the plea is offered. To comply with Rule 11(c)(1)'s requirement that the defendant be informed of the "nature of the charge the district court must advise the defendant of all the elements of the crime and ensure that the defendant(s) understand them. **IRIZARRY V. UNITED STATES,** 508 F. 2d. 960 (2nd Cir.): **UNITED STATES V. LONGORIA,** 113 F. 3d. 975.

An explanation of the elements of the charge helps to assure that the defendant fully appreciates the nature of the offense to which the plea is tendered. Since a guilty plea is a formal admission of all elements of the charge. A defendant in fairness should be formally advised of the elements before the plea is accepted. (quoting 3 ABA Standards For Criminal Justice. Due process requires that the defendant be informed of the "Critical" elements of the offense. In **HENDERSON,** the Supreme Court reversed the defendants conviction because the defendant was not informed that second-degree murder to which he was pleading guilty required the government to prove intent to cause death. The court explained that Morgan's plea could not be considered voluntary without "adequate notice of the nature of the charge against him, or proof that he in fact understood the charge. Additionally, in a case on point with Mr. Hawkins, the Supreme Court held in **BOUSLEY** that a defendants plea would be "Constitutionally Invalid" if neither he nor his counsel, nor the court correctly understood the **ESSENTIAL** elements of the crime with which the defendant was being charged with.

D.  ISSUE

**GROUND ONE:**

**PETITIONERS GUILTY PLEA IS INVALID AND SHOULD BE SET-ASIDE
SINCE IT WAS MADE UNINTELLIGENTLY AND INVOLUNTARILY**

Mr. Hawkins asserts here that his guilty plea is invalid and should be set-aside, since the plea colloquy court failed to properly recite, and notify Mr. Hawkins of all the essential elements to the charge Mr. Hawkins would be pleadings guilty to, as the following dialogue clearly illustrates:

THE COURT:  To prove that you are guilty under count one of conspiracy to distribute marijuana, the government would have to prove beyond a reasonable doubt. First, that the conspiracy charged in that count of the indictment existed: that is that two or more persons entered into the conspiracy or agreement to unlawfully possess 100 kilograms or more of marijuana with the intent to distribute as it is charged in count one of the second superseding indictment, and second that you knew the purposes of the conspiracy or agreement and that you deliberately joined the conspiracy during the course of that conspiracy with the intent of furthering its unlawful objective.

Please See Change Of Plea Transcripts At Page 23[February 9, 2001]

The Court's recital of the essential elements necessary for the government to sustain a conviction under 21 U.S.C. § 841(a)(1) and 846 were insufficient for the defendant to make an intelligent and knowledgeable plea, nor would it pass constitutional muster as the court totally failed to inform the defendant of the necessary territorial and extra-territorial jurisdictional nexus/elements, the government must prove to sustain a conviction.

Such As:

a) Two or more of the defendants/co-defendants knowingly and intentionally conspired with each other to possess marijuana **within the United States** territory lands, property, etc defined at 21 U.S.C. § 802(26)(28).

b) One or more of the defendants/co-defendants intended to distribute marijuana **within the United States,** territory, lands, property, etc defined at 21 U.S.C. § 802 (26)(28).

c) One or more of the defendants/co-defendants distributed marijuana **within the United States** territory, lands, property, etc, defined at 21 U.S.C. § 802(26)(28).

Please See **UNITED STATES V. BAKER,** 609 F. 2d, at 139. Holding:

An indictment charging defendants under statutes 21 U.S.C. § 841 and 846 must recite the element that the defendants "willfully and knowingly distributed a controlled substance **within the territorial United States.** Furthermore, Congress expressly limited the geographic territory to which 21 U.S.C. § 802-888 apply by express listing those areas in 21 U.S.C. § 802 (26) and (28) to wit:

(26) The term "State" Means a State of the United States, the District Of Columbia, and any Commonwealth, territory, or possession of the United States.

(28) The term "United States" when used in a geographic sense, means all places and waters, continental or insular, subject to the jurisdiction of the United States.

These definitions contain only Federal Areas under the exclusive and/or concurrent jurisdiction of the United States and expressly do not contain any lands or, property within the exclusive jurisdiction of the fifty(soveriegn) states. Also, these areas co-inside with the same areas defined at 18 U.S.C. § 5 "United States" defined and 18 U.S.C. § 7 defining- "The special maritime and territorial jurisdiction of the United States."

By the court's failure to inform Mr. Hawkins of the essential element that all actions between the defendant and co-defendants, MUST **have either taken place within Federal Territory or was intended to take place within Federal Territory.** Mr. Hawkins avers that he entered into the plea agreement with the knowledge that the court was talking about Connecticut State, lands property etc., Not Federal lands, property, etc.

Thus, in return Mr. Hawkins was not aware of the fact, nor did the court or his stand-by counsel inform Mr. Hawkins of the fact that an essential element of the offense for which Mr. Hawkins was charged with and plead guilty to must carry the element that the crime alleged in the charging papers that such charge occurred within the United States territory, lands or property or was intended to occur within the United States territory, lands or property in order to satisfy the territorial nexus, and in return without this acknowledge a guilty plea cannot be considered intelligently and voluntarily made.

> "A sub-element of specific intent required under 21 U.S.C. § 841"
> is that the distribution be intended within United States Federal
> Territory."

Please See Devitt & Blackmer, Federal Jury Practice & Instructions 3rd. Ed. § 58.09 And 58.14.

It is a well establish principle of law that, "All federal legislation applies only within the territorial jurisdiction of the United States unless a contrary intent appears. **CAHA V. UNITED STATES,** 152 U.S. 211(1894): **AMERICAN BANANA COMPANY V. UNITED FRUIT COMPANY,** 213 U.S. 347(1909): **UNITED STATES V. BOWMAN** 260 U.S. 94-98(1922):

**UNITED STATES V. BAKER,** 609 F. 2d. 134(1980) Held:

> "The objective territorial principle has been asserted successfully"
> where there was proof that the defendants action either produced
> some effect within the United States or even if the defendant never
> produced any act within the United States, that he was part of a
> conspiracy in which some co-conspirator's activity took place within
> the United States."

In terms of 21 § 841(a)(1) which proscribes the substantive crime of possession with intent to distribute the court held in **UNITED STATES V. COLUMBA-COLELA**, 604 F. 2d. 360.

> "So long as it is clear that the intended distribution would occur" within territorial United States.......Jurisdiction may be maintained were defendants are apprehended, outside the territorial United States waters and inside the contigious zone..."

With jurisdiction maintained over substantive offenses the court could exercise jurisdiction over the charge 21 U.S.C. § 846. **BLACKMER V. UNITED STATES**, 284 U.S. 412,437(1932): **FOLEY BROS V. FILARDO,** 336 U.S. 281(1949): **UNITED STATES V. SPELAR,** 338 U.S. 217(1949) and **UNITED STATES V. FIRST NATINAL BANK,** 321 F. 2d. 14 (2nd Cir. 1963).

Mr. Hawkins is well aware that although criminal jurisdiction is generally based upon the territorial principle. **UNITED STATES V. HAYES,** 653 F. 2d. 815(1st Cir).

> "The intent to cause effects within the United States also makes it" reasonable to apply to persons outside United States territory a statute which is not expressly extra-territorial in scope." **UNITED STATES V. MUENCH,** 694 F. 2d. 28(2nd Cir.).

The Second Circuit has also held that:

> "Because section 841(a)(1) properly applies to schemes to distribute" controlled substances within the United States"

Its extra territorial application was proper. See **UNITED STATES V. OROZCO-PRADA,** 732 F. 2nd. 1076(2nd Cir.).

In the matter of **UNITED STATES V. DALLMAN,** 34 MJ 274, the United States Court Of Military Appeals held:

> "The accused could not enter a plea of guilty to distribution of drugs" in violation of §§ 13-16-72 of the official code of Georgia Annotated... because an essential element of such offense[21 U.S.C. 841] is that the acts occurred at a place subject to the exclusive or concurrent jurisdiction of the United States" [34 MJ 276]

The United States Court Of Military Appeals based its decision to dismiss and overturn this conviction on the fact of law, that venue is an essential element of this crime, the venue of this alleged crime was the property or lands under the exclusive or concurrent jurisdiction of the federal United States........the Court specifically based its decision of Title 18 § 7. But this is of limited significance:

> [The]" legislative history of this section[21 U.S.C. § 841] proscribing possession with intent to distribute marihuana indicates that it was intended by Congress to apply extra-territorial, **But that it is violated only when the intent to distribute is an intent to distribute within the United States."** Emphasis Added.

**UNITED STATES V. GOULD,** ACMR, 13 MJ 734(1982): **UNITED STATES V. LIDDELL,** NCMR 3 MJ 1117(1977).

Also the Second Circuit held in **UNITED STATES V. MUENCH,** 694 F. 2d. 28 (1982):

> "To sustain a "conviction for 21 U.S.C. § 841(a) the government" must prove the defendants 'possessed and intended to distribute' **within United States territory** "

> "It is axiomatic that the prosecution must always prove territorial" jurisdiction[nexus] over a crime in order to sustain a conviction therefore.

**UNITED STATES V. BENSON,** 495 F. 2d. 475(5th Cir. 1974)

Additionally, the Supreme Court has held:

> "There is no presumption in favor of jurisdiction and the basis for" jurisdiction must be affirmatively shown." **HANDORD V. DAVIS,** 163 U.S. 273(1896).

Whereas territorial jurisdiction is a fundamental requirement, it is not only a jurisdictional requirement. And in **UNITED STATES V. WATSON,** 80 F. Supp 649 (D.D. VA 1948) federal criminal charges were dismissed, the court holding:

> "Without proof of the requisite ownership or possession of the United" States, the crime has not been made out. Id. at 651.

CONCLUSION:

In sum Mr. Hawkins should be permitted to withdraw his guilty plea, since he was not adequately informed by the court nor his defense counsel of a crucial element of the offense that 21 U.S.C. § 841 & 846 carried prior to Mr. Hawkins entering into a guilty plea, which was that he "Willfully and Knowingly distributed a controlled substances within the territorial United States. **UNITED STATES V. BAKER,** 609 F. 2d. 139. Hence in return Mr. Hawkins could have not entered into his guilty plea intelligently or voluntarily minus the recition of an essential element of an offense he was pleading guilty to.

WHEREFORE, Mr. Hawkins prays that this Honorable Court grant him permission to amend his Motion Pursuant To 28 U.S.C. § 2255 currently pending in this Honorable court as justice so requires and order the government to promptly respond to said amendment.

Respectfully Submitted

*[signature]*
Kenneth Hawkins-Pro-Se
Reg# 04844-070-Dorm-210
Duluth Federal Prison Camp
P.O. Box 1000
Duluth MN 55814

CERTIFICATE OF SERVICE

I, Kenneth Hawkins, hereby certify under the penalty of Perjury that on the last date given below, I deposited a true and correct copy of my MOTION TO AMEND, in the United States Mail with first class postage affixed to insure its proper delivery to:

>Assistance United States Attorneys Office
>For The United States District Court
>Of Connecticut
>450 Main Street
>Hartford Connecticut 06103

Executed On This 21st Day Of July 2005

Kenneth Hawkins