## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

KENNETH HAWKINS,

      Petitioner,

-V-                                          Case No. 3:00 CR75(AWT)

UNITED STATES OF AMERICA,

      Respondent,

. . . . . . . . . . . . . . . . . . . . . . . . . .

### MOTION FOR RETURN OF PROPERTY

NOW INTO COURT, Comes the Petitioner Kenneth Hawkins, appearing through Pro-Se Representation and respectfully request and moves this Honorable Court to issue an order to the DEA Governmental Agency for the return of the monies confiscated from the Petitioners Bank Account, since the Government nor the DEA satisfied the Constitutional requirements of Due Process to legally confiscate the Petitioners Bank Account Savings.

A Pro-Se litigants pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. **HAINES V. KERNER,** 30 L. Ed. 2d. 652 (1972): **ESTELLE V. GAMBLE,** 50 L. Ed. 2d. 251 (1976). A Court should make a reasonable attempt to read the pleadings to state a valid claim on which the Petitioner could prevail, despite the Petitioners failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirement. **HALL V. BELLMON,** 935 F. 2d. 1106; Also See Federal Rules Of Civil Procedures Rule 8(f)(All pleading shall be so construed as to do substantial justice).

A Memorandum Brief In Support Of This Motion Is Made Part Of This Motion By Reference Herein.

Respectfully Submitted

/Kenneth Hawkins-Pro-Se

A.    STATEMENT OF THE FACTS

    Petitioner was indicted for Conspiracy To Possess With Intent To Distribute Marijuana, in violation of 21 U.S.C. § 841 and 846. The Petitioner eventually entered into a guilty plea on February 9, 2001, in the written plea agreement the Petitioner agreed not to oppose any criminal, civil or administrative forfeiture of property owned or possessed by him which was used to facilitate his drug trafficking activities or which property was drug proceeds. This agreement specifically listed certain property that the Petitioner did not disputed as forfeiture property, which was money in cash that was seized from his residence at 706 Margaret Henry Road in Sterling Connecticut, a 1979 Peterbilt Tractor bearing serial number 099856, a Caterpillar Model 988B bearing serial number 50WO6140, and a portable crushing plant bearing serial number 2055880. There was never mention in this written agreement that the DEA or Government was allowed to confiscate the Petitioners Bank Account Savings.


B.    POINTS AND AUTHORITIES

    Federal Rules Of Criminal Procedures Rule 41(g) States:

> " A person aggrieved by an unlawful search and seizure of property"
> or by the deprivation of property may move for the property's re-
> turn. The motion must be filed in the district where the property
> was seized... If it grants the motion, the court must return the
> property to the movant...

C. DISCUSSION

The Petitioner asserts that the Government and or the DEA failed to afford him his Due Process Right, when his Bank Account money was confiscated, which in return denied the Petitioner the opportunity to prove that the money in his Bank Account weren't derived from any drug proceeds or illegal activities but from honest hard work. **MATTHEWS V. ELDRIDGE,** 47 L. Ed. 2d. 18 (1976)(Holding That Due Process requires as general matter an opportunity to be heard at a meaningful time and in a meaningful manner.)

The federal government is authorized to forfeit "all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance" as well as "all proceeds traceable to such an exchange." 21 U.S.C. § 881(a)(6). But in order to properly institute a forfeiture action for property valued at $500.000 or less, the government must comply with the notice procedure set forth in 19 U.S. C. §§ 1607-1609. See 18 U.S. C. § 981(d); 21 U.S.C. § 881(b). Section 1606(a) of Title 19 requires the appropriate customs officer to send "written notice of the seizure together with information on the applicable procedures... to each party who appears to have an interest in the seized articles." The statute and regulations also require the government to publish notice of the seizure and intent to forfeit the property for at least three weeks "in a newspaper of general circulation in the judicial district" in which the proceedings for forfeiture is brought. See 21 C.F.R. 1316.75(a). A person claiming an interest in such property has twenty days from the date of the first publication of the notice to file a claim and post a bond. See 19 U.S.C. § 1608. If no such claim is filed, the property is properly declared forfeited and title vested in the United States. See 19 U.S.C. 1609.

"An elementary and fundamental requirement of Due Process in any proceeding which is to be accorded finality is notice reasonable calculated under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. **MULLANE V. CENT. HANOVER BANK & TRUST CO.,** 94 L. Ed. 865 (1950).

In this instance the government not only failed to comply with the proper forfeiture proceedings mandated by the statute when the government moved to illegally confiscate the Petitioners life savings at his local bank, but the government also breached there written plea-agreement, wherein it was legally specified which pro-perties and monies the government was permitted to forfeit. Please See Written Plea-Agreement Page 2 & 3. Also Please See Change Of Plea-Transcripts At Page 17 & 18. Clearly, these legal court records illustrate that the Petitioners savings account at Bank Boston with the sum of $ 73,483.27, was excluded from this agreement, since this money were not proceeds from any illegal activity or derived from any drug trans-actions.

Therefore, based on this backdrop, the government only has one alternative which is to return the Petitioner with his hard earn money($73,483.27) which was illegally confiscated from his Bank Boston account.

### INCORPORATION OF AFFIDAVIT

The Petitioner hereby incorporates his sworn affidavit in support for his Motion For Return Of Property, which should be taken as true and correct outlining factual material which only can only be contradicted by an opposing affidavit which would then require an evidentiary hearing to properly resolve the disputed affidavits. **GALBRAITH V. UNITED STATES,** 313 F. 3d. 1001: **HOLLEMAN V. DUCKWORTH,** 155 F. 3d. 906. In the event that the government or any other party submits an opposing affidavit which puts material facts in dispute, the Petitioner hereby request an evidentiary hearing to resolve these disputed facts. Id.

Respectfully Submitted

Kenneth Hawkins-Pro-Se
Reg#04844-070-Dorm-210
Duluth Federal Prison Camp
P.O. Box 1000
Duluth MN 55814

Executed On This 25th Day Of November 2005

CERTIFICATE OF SERVICE

    I, Kenneth Hawkins, hereby certify under the penalty of perjury that on the last date given below, I deposited a true and correct copy of my MOTION FOR RETURN OF PROPERTY in the Duluth Federal Prison Camps Legal Mail system with first class postage affixed to insure its proper delivery to:

Clerk of Court
United States District Court
450 Main Street
Hartford,
Connecticut 06103

Michael J. Gustafson
United States Attorney's Office
450 Main Street
Hartford,
Connecticut 06103

Executed On THis 25th Day Of November 2005

Kenneth Hawkins

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

KENNETH HAWKINS,

      Petitioner,

-V-                             Case No. 3:00 CR75(AWT)

UNITED STATES OF AMERICA,

      Respondent,        **AFFIDAVIT OF KENNETH HAWKINS**

. . . . . . . . . . . . . . . . . . . . . .

    I, Kenneth Hawkins, Being Duly Sworn Deposes And Swears Under The Penalty Of Perjury That The Following Statements Are True And Accurate To The Best Of My Knowledge:

1. That, I am the Petitioner on the abovemention action.

2. That, this affidavit is made in support of my Motion For Return Of Property,

3. That, the Money seized by the law enforcement authorities from my Bank Boston account were not proceeds from any illegal activity or derived from any drug transaction, but were the results of hard work as the attached exhibits clearly illustrate.

4. That, the government specifically stipulated that the money in the Bank Boston would not be forfeited let alone confiscated.

5. That, I will testify to these facts as I remember them and to the best of my ability if a hearing is held on my behalf on the aforemention.

    FURTHER AFFIANT SAYETH NOT

    Executed On This 25th Day Of November 2005

    Pursuant To 28 U.S.C. § 1746, I Declare And Certify Under The Penalty Of Perjury That The Foregoing Statements Are True And Correct.

                    Affiant- Kenneth Hawkins

Exhibit A

1    page 2?

2            THE DEFENDANT:  No, I don't.

3            THE COURT:  At this time then I'm going to ask

4    the prosecutor to outline the terms of the plea agreement.

5    When she is finished, I will ask you whether the agreement

6    as outlined by the prosecutor reflects your understanding

7    of the agreement that you've entered into with the

8    government.

9            MS. GIFFORD:  Thank you, Your Honor.

10           The plea agreement provides as follows:

11           First, that the defendant agrees to plead guilty

12   to count one of a three-count second superseding indictment.

13   Under that count, the defendant is charged with knowingly

14   and intentionally conspiring to possess with intent to

15   distribute and to distribute 100-kilograms or more of

16   marijuana in violation of Title 21 United States Code

17   Sections 846 and 841.  In return for his guilty plea, the

18   United States agrees to dismiss counts two and three of the

19   second superseding indictment as they pertain to the

20   defendant and that we will move to dismiss those at the time

21   of sentencing.

22           The plea agreement sets forth the maximum

23   penalties for this offense as previously reviewed in this

24   court and it also provides that the defendant agrees not to

25   oppose any criminal, civil or administrative forfeiture of

1    property owned or possessed by him which was used to

2    facilitate his drug trafficking activities or which property

3    was drug proceeds.  This agreement specifically lists

4    certain property that the defendant does not dispute falls

5    into this category, including money that is cash that was

6    seized from his residence at 706 Margaret Henry Road in

7    Sterling, Connecticut, a 1979 Peterbilt tractor bearing

8    serial number 099856, a Caterpillar Model 988B bearing

9    serial number 50W06140, and a portable crushing plant

10   bearing serial number 2055880.

11          The plea agreement provides also that the

12   defendant understands that the Sentencing Guidelines apply

13   in this case.

14          Under the plea agreement, the government agrees to

15   recommend that the Court reduce by three levels the

16   defendant's adjusted offense level under Section 3E1.1 of

17   the Sentencing Guidelines.  The government, however, will

18   not make this recommendation if the defendant engages in any

19   acts which, one, indicate that he has not terminated or

20   withdrawn from criminal conduct, two, could provide a basis

21   for an adjustment for obstructing or impeding the

22   administration of justice or, three, constitute a violation

23   of any condition of release.  And of course that third one

24   does not apply.

25          Under the plea agreement there is a guideline



# FAX

Date: __9/12/05__

Number of pages including cover sheet: _____

| To: | From: |
|---|---|
| Henry Giolitti | Monica Mathie |
| Rome Packing | Marois Bros., Inc. |
| | 115 Blackstone River Rd. |
| | Worcester, MA 01607 |
| Phone: 800-985-7663 | Phone: 508-791-8134 |
| Fax phone: 401-231-0934 | Fax phone: 508-754-4214 |
| RE: New England Contract Crushing | |
| Power Plant -- Killingly CT | |

**REMARKS:** ☐ Urgent  ☐ For your review  ☐ Reply ASAP  ☐ Please comment

Find enclosed copies of invoices which were paid to New England Contract Crushing. As you can see there are a group of invoices dated 12/29/99, 1/5/00, 1/11/00, & 1/14/00 that list Ken Hawkins as the salesperson the rest of the invoices list Gary Duval and are at a different address.

Also enclosed is a copy of a subcontract agreement but for some reason cannot find a signed copy of the contract.

If you need additional information, please don't hesitate to call.

## SUBCONTRACT AGREEMENT

THIS AGREEMENT, made this 6th day of November, 1999, by and between **Marois Bros., Inc.,** 965 Millbury Street, Worcester, MA 01607-1447 hereinafter called the Contractor, and **New England Contract Crushing,** P.O. Box 1278, Coventry, RI 02816 hereinafter called the Subcontractor.

For the consideration hereinafter named, the said Subcontractor covenants and agrees with said Contractor, as follows:
**First.** The subcontractor agrees to furnish all union labor, equipment, and materials necessary to complete crushing as directed of blast rock material to 3" minus size, ans 1 1/2" minus size. Materials to be stockpiled by Marois adjacent to crushing operation. All quantities shall be verified daily with Marois' field superintendent. All required permits shall be obtained by the subcontractor.

**Second.** The subcontractor agrees to promptly begin said work as directed at the Lake Road Generating Plant site, Killingly, CT, as directed by the Marois Bros. Inc. Superintendent. Work is to be performed on basis of 6 - 10 hour workdays per week.

**Third.** The subcontractor shall take out and pay for Workmen's Compensation and Public Liability Insurance, also Property Damage and all other necessary insurance as required by the Owner, Contractor or by the State in which his work is performed. **Certificate of Insurance, with Marois Brothers Inc., Dick Corporation, ABB Power Generation Inc., and PGE Generating, each listed as additionally insured, is required prior to the start of work.** Subcontractor is bound by the same terms and conditions covered under MBI contract with Owner. Our contract is available for review upon request.

**Fourth.** The subcontractor shall pay all sales taxes, Old Age Benefit and Unemployment Compensation Taxes upon the material and labor furnished under this contract, as required by the United States Government and the State in which this work is performed.

**Fifth.** No extra work or changes under this contract will be recognized or paid for, unless agreed to in writing before the work is done or the changes made.

**Sixth.** This contract shall not be assigned by the Subcontractor without first obtaining permission in writing from the Contractor.

IN CONSIDERATION WHEREOF, the said Contractor agrees that he will pay to the said Subcontractor, in monthly payments, the total value of work completed to date for said materials and work, said amount to be paid as follows: 100% of verified totals to be paid monthly at the following unit rates: 3" minus material to be $3.00/Ton; 1 1/2" minus material to be $3.25/Ton. Price to be discounted by $0.50/Ton for payments made for weekly payments after invoice received.

The Contractor and the Subcontractor for themselves, their successors, executors, administrators and assigns, hereby agree to the full performance of the covenants of this agreement.

IN WITNESS WHEREOF, they have executed this agreement the day and date written above.

WITNESS:                                            NEW ENGLAND CONTRACT CRUSHING

                                                   By: _____



                                                   MAROIS BROTHERS, INC.

                                                   By:_____

                                                   John R. Brown, Vice President

# NEW ENGLAND CONTRACT CRUSHING

P.O. BOX 5073
GREENE, RHODE ISLAND 02827

(Crush 11-3)

| SLIP NO. |
|---|
| 000101 |

## INVOICE

577957

| SOLD TO | SHIP TO |
|---|---|
| MAROIS BROS., INC. | Power Plant |
| ADDRESS | ADDRESS |
| 965 Millbury Street | Lake Road |
| CITY, STATE, ZIP | CITY, STATE, ZIP |
| Worcester, Ma. 01607-1447 | Killingly, Ct. |

| CUSTOMER ORDER NO. | TERMS | F.O.B. | DATE |
|---|---|---|---|
| New England Contract Crush. Gary D. Duval | weekly | | 11/09/99 |

| ORDERED | SHIPPED | DESCRIPTION | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|---|
| slip#- | | Portable Crushing | | | |
| | | 1-1/2" Processed Gravel from | | | |
| | | shot rock | | | |
| 101& | 102 | 5,156 tons | @$2.75 | per ton | $14,179.00 |
| | | #11 273 tons | @$2.75 | per ton | $31,000.75 |
| | | Based x 1.75 (3500 lbs.cu/yd) | | | |
| | | | | Total amount due: | |
| | | ...ediate payment as per agreement | | | $45,179.75 |
| | | Thank you | | | |

*As est. by Tom before
we had our slips.
Conversion is explained
on invoice.

 Thank you.
   Alism

E. Adams 5840

| VN N5993 | OK |
|---|---|
| DATE 11-9-99 | |
| DUE 11-19-99 | |
| 1034909 QC 10016 | ✓ |
| $ | VCH# |
| 085 500 $45,179.15 | 11320 |
| DISC    RET | |
| TYPE | |

**PAID**

Date  11-19-99

Check No. 38175

$$ 45179.75

# NEW ENGLAND CONTRACT CRUSHING

P.O. BOX 5073

| SLIP NO. |
|---|
| 000103 |

## INVOICE    RECEIVED

577958

| SOLD TO | SHIP TO |
|---|---|
| MAROIS BROS., INC. | Power Plant |
| ADDRESS | ADDRESS |
| 965 Millbury Street | Lake Road |
| CITY, STATE, ZIP | CITY, STATE, ZIP |
| Worcester, Ma. 01607-1447 | Killingly, Ct. |

NOV 17 1999

MAROIS BROS. INC.

| CUSTOMER ORDER NO. | SOLD BY New England Contract Crush. Gary D. Duval | TERMS weekly | F.O.B. | DATE 11/16/99 |
|---|---|---|---|---|

| ORDERED | SHIPPED | DESCRIPTION | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|---|
| slip# | | Portable Crushing | | | |
| | | 1-1/2" Processed Gravel from shot rock | | | |
| 103 | 2,264 tons | | @$2.75 | per ton | $ 6,226.00 |
| 104 | 3,809 tons | | @$2.75 | per ton | $10,474.75 |
| 105 | 2,095 tons | | @$2.75 | per ton | $ 5,761.25 |
| 106 | 2,320 tons | | @$2.75 | per ton | $ 6,380.00 |
| | 10,488 | | | | |
| | | Immediate payment as per agreement | | Total amount due: | $28,842.00 |
| | | Thank you | | | |

Adams 5840

VN
DATE  11-16-99
DUE   11-26-99
JOB  9909 QC10006
DR  $
DR 3500 $29,742 N
DISC  RET
TYPE

OK

VCH#

VN
DATE
DUE
JOB  QC
DR  $
DR  $
DISC  RET
TYPE

OK

VCH#
11521

**PAID**
Date 11-29-99
Check No. 38245
$ 28842.—

RECEIVED
NOV 23 1999

# NEW ENGLAND CONTRACT CRUSHING
P.O. BOX 5073



SLIP NO.
**000107**

## INVOICE                                      577959

| SOLD TO | | | SHIP TO | |
|---|---|---|---|---|
| MAROIS BROS., INC. | | | Power Plant | |
| ADDRESS | | | ADDRESS | |
| 965 Millbury Street | | | Lake Road | |
| CITY, STATE, ZIP | | | CITY, STATE, ZIP | |
| Worcester, Ma. 01607-1447 | | | Killingly, Ct. | |

| CUSTOMER ORDER NO. | SOLD BY New England Contract Crushing Gary D. Duval | F.O.B. weekly | DATE 11/22/99 |
|---|---|---|---|

| ORDERED | SHIPPED | DESCRIPTION | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|---|
| slip# | | Portable Crushing | | | |
| | | 1-1/2" Processed Gravel from shot rock | | | |
| | 107 | 2,250 tons | ✓ @$2.75 | per ton $ | 6,187.50 |
| | 108 | 2,335 tons | @$2.75 | per ton $ | 6,421.25 |
| | 109 | 2,054 tons | ✓ @$2.75 | per ton $ | 5,648.50 |
| | 110 | 2,278 tons | @$2.75 | per ton $ | 6,264.50 |
| | 111 | 2,257 tons | ✓ @$2.75 | per ton $ | 6,206.75 |
| | 112 | 1,706 tons | @$2.75 | per ton $ | 4,691.50 |
| | | 12,880 T | | Total amount due: | |
| | | Immediate payment as per agreement | | | $35,420.00 |
| | | Thank you | | | |

Adams 5840

| VN   U 5993 | OK |
|---|---|
| DATE 11-22-99 | |
| DUE 11-26-99 | |
| JOB 9709 QC 000016 | |
| OR        $ | VCH# |
| OR 5500 $35,420.00 | -111 |
| ISC      RET | |
| YPE | |

12,880 T
2.75
35420

**PAID**
Date 12-3-99
Check No. 38305
$ 35420.00

# NEW ENGLAND CONTRACT CRUSHING

P.O. BOX 5073
GREENE, RHODE ISLAND 02827

( Crush 11/22 )

**SLIP NO.**
**000113**

## INVOICE

577960

| SOLD TO | SHIP TO |
|---|---|
| MAROIS BROS., INC. | Power Plant |
| ADDRESS | ADDRESS |
| 965 Millbury Street | Lake Road |
| CITY, STATE, ZIP | CITY, STATE, ZIP |
| Worcester, Ma. 01607-1447 | Killingly, Ct. |

| CUSTOMER ORDER NO. | SOLD BY New England Contract Crush. Gary D. Duval  weekly | F.O.B. | DATE 11/29/99 |
|---|---|---|---|

| ORDERED | SHIPPED | DESCRIPTION | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|---|
| slip# | | Portable Crushing | | | |
| | | 1-1/2" Processed Gravel from shot rock | | | |
| | 113 | 2,062 tons | @$2.75 | per ton | $ 5,670.50 |
| | 114 | 2,298 tons | @$2.75 | per ton | $ 6,319.50 |
| | 115 | 1,745 tons | @$2.75 | per ton | $ 4,798.75 |
| | 116 | 1,873 tons | @$2.75 | per ton | $ 5,150.75 |
| | | | Total | amount due: | |
| | | | | | $21,939.50 |
| | | Immediate payment as per agreement | | | |
| | | Thank you | | | |

Adams 5840

## PAID

Date 12-13-99
Check No. 38391
$$ 2297.50

| VN | D 5993 | OK |
|---|---|---|
| DATE | 11-29-99 | |
| DUE | 12-3-99 | |
| JOB | 9909  QC 10001 6 | |
| DR | $ 2297.50 | VCH# |
| DR | 5500 $ 21,939.50 | 11510 |
| DISC | RET | |
| TYPE | | |

21,939.50
less -19,642
2297.50

Labor
Rental

PAY THIS AMOUNT

# NEW ENGLAND CONTRACT CRUSHING

SLIP NO.
000117

**RECEIVED**

## INVOICE

DEC 09 1999

577961

| SOLD TO | SHIP TO |
|---|---|
| MAROIS BROS., INC. | Power Plant |
| **ADDRESS** MAROIS BROS., INC | **ADDRESS** |
| 965 Millbury Street | Lake Road |
| **CITY, STATE, ZIP** | **CITY, STATE, ZIP** |
| Worcester, Ma. 01607-1447 | Killingly, Ct. |

| CUSTOMER ORDER NO. | SOLD BY New England Contract Crushing | F.O.B. | DATE |
|---|---|---|---|
| | Gary D.Duval | weekly | 12/06/99 |

| ORDERED | SHIPPED | DESCRIPTION | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|---|
| slip# | | Portable Crushing | | | |
| | | 1-1/2" Processed Gravel from shot rock | | | |
| | 117 | 551 tons | @$2.75 | per ton | $ 1,515.25 |
| | 118 | 2,402 tons | @$2.75 | per ton | $ 6,605.50 |
| | 119 | 4,893 tons | @$2.75 | per ton | $13,455.75 |
| | | | Total | amount due: | |
| | | | | | $21,576.50 |
| | | Immediate payment as per agreement | | | |
| | | Thank you | | | |
| | | | | | |
| | | | | | |

Adams 5840

VN N 5993   OK
DATE 12-6-99
DUE 12-17-99
JOB 9909  QC10-0016
DR    $    VCH#
DR 5300  $21,576.50   12303
DISC   RET
TYPE

**PAID**
Date 12-20-99
Check No. 38486
21,576.—

# NEW ENGLAND CONTRACT CRUSHING

SLIP NO.

## INVOICE                                                    577962

| SOLD TO | SHIP TO |
|---------|---------|
| MAROIS BROS., INC. | Power Plant |
| **ADDRESS** | **ADDRESS** |
| 965 Millbury Street | Lake Road |
| **CITY, STATE, ZIP** | **CITY, STATE, ZIP** |
| Worcester, Ma. 01607-1447 | Killingly, Ct. |

| CUSTOMER ORDER NO. | New England Contract Crushing | DATE |
|---|---|---|
| | Gary D.Duval      weekly | 12/13/99 |

| ORDERED | SHIPPED | DESCRIPTION | PRICE | UNIT | AMOUNT |
|---------|---------|-------------|-------|------|--------|
| slip# | | Portable Crushing | 2.75 | | |
| | | 1-1/2" Processed Gravel from shot rock | | per | |
| | 120 | 2,765 tons                    @$3.25 | | per ton $ | 8,986.25 |
| | 121 | 1,340 tons                    @$3.25 | | per ton $ | 4,355.00 |
| | 122 | 2,227 tons                    @$3.25 | | per ton $ | 7,237.75 |
| | 123 | 1,987 tons                    @$3.25 | | per ton $ | 6,457.75 |
| | 124 | 1,824 tons                    @$3.25 | | per ton $ | 5,928.00 |
| | | | Total | amount due: | |
| | | *late fee is included | | * $ | 32,964.75 |
| | | Immediate payment as per agreement | Thank | you | |

Adams 5840

000

0·00

2·765·00 +
1·340·00 +
2·227·00 +
1·987·00 +
1·824·00 +

10·143·00

10·143·00
2·75 =
27·8...·...

**PAID**
Date 12-23-99
Check No. 38539
$$ 27893.25

| VN | N 5993 | OK |
|----|--------|-----|
| DATE | 12-13-99 | |
| DUE | 12-17-99 | |
| JOB | 9909 QC 10-0010 | |
| DH | $ | VCH# |
| DR 5500 | $27,893.25 | 12399 |
| DISC | RET | |
| TYPE | | |

# NEW ENGLAND CONTRACT CRUSHING

SLIP NO.
000195

## INVOICE    RECEIVED    577964

| | |
|---|---|
| **SOLD TO** MAROIS BROS., INC.  DEC 20 1999 | **SHIP TO** Power Plant |
| **ADDRESS** 965 Millbury Street MAROIS BROS., INC. | **ADDRESS** ___ Road |
| **CITY, STATE, ZIP** Worcester, Ma. 01607-1447 | **CITY, STATE, ZIP** Killingly, Ct. |

| CUSTOMER ORDER NO. | **SOLD BY** New England Contract Crushing Gary D.Duval | **TERMS** weekly | **F.O.B.** | | **DATE** 12/20/99 |
|---|---|---|---|---|---|

| ORDERED | SHIPPED | DESCRIPTION | | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|---|---|
| slip# | | Portable Crushing | | | | |
| | | 1-1/2" Processed Gravel from shot rock | | | | |
| | 125 | 2,121 tons | | @$2.75 | per ton | $ 5,832 75 |
| | 126 | 1,778 tons | | @$2.75 | per ton | $ 4,889 50 |
| | 127 | 1,322 tons | | @$2.75 | per ton | $ 3,635 50 |
| | 128 | 2,504 tons | | @$2.75 | per ton | $ 6,886 00 |
| | 129 | 3,567 tons | | @$2.75 | per ton | $ 9,809 25 |
| | | 11,292 | | Total amount due: | | |
| | | | | | | $31,053 00 |
| | | payment as per agreement | | | | |
| | | Thank you | | | | |

Adams 5840

PAID

Date 1-3-00

Check No. 38595

$$ 31053.—

OK
Pay ASAP

| | |
|---|---|
| VN N5993 | OK |
| DATE 12-20-99 | |
| DUE 1-31-99 | |
| JOB 9909 QC/00016 | |
| DR $ | |
| DR 5500 $31,053.00 | VCH# 12337 |
| DISC RET | |
| TYPE | |



# NEW ENGLAND CONTRACT CRUSHING

56 Riverside Avenue Johnston RI 02919

## INVOICE

**To:**
Marois Bros., Inc.
Lake Rd. Power, Killingly, CT
Milbury Street, Worcester, MA

| DATE | CUST NO. | SALESPERSON | TERMS |
|---|---|---|---|
| 1/14/00 | PORTABLE CRUSHING | KEN HAWKINS | $2.75 per ton within 7 days of invoice |
| | | | $3.25 per ton after 7 days |

| QTY | DESCRIPTION | PER UNIT | TOTAL |
|---|---|---|---|
| 2979 TONS | PROCESSED GRAVEL 1 1/2 SHOT ROCK  1/10/2000 | 2.75/TON | $8,192.25 |
| 425 TONS | PROCESSED GRAVEL 1 1/2 SHOT ROCK  1/11/2000 | 2.75/TON | $1,168.75 |

**PLEASE NOTE NEW ADDRESS AND TERMS**

| | |
|---|---|
| SUBTOTAL | 9,361.00 |
| SHIPPING / HANDLING | |
| PAYMENTS | |
| AMOUNT DUE | 9,361.00 |

**Please make checks payable to:**
New England Contract Crushing
56 Riverside Avenue
Johnston, RI 02919

**NEW ENGLAND CONTRACT CRUSHING**
56 Riverside Avenue  Johnston RI 02919

**RECEIVED**

JAN 0 6 2000

**MAROIS BROS., INC.**

••• **INVOICE**

TO: Marois Bros., Inc.
Lake Rd. Power, Killingly, CT
Millbury Street, Worcester, MA

| DATE | CUST NO. | SALESPERSON | TERMS |
|---|---|---|---|
| 1/5/00 | PORTABLE CRUSHING | KEN HAWKINS | $2.75 per ton within 7 days of invoice |
| | | | $3.25 per ton after 7 days |

| QTY | DESCRIPTION | PER UNIT | TOTAL |
|---|---|---|---|
| 2474 TONS | PROCESSED GRAVEL 1 1/2 SHOT ROCK  12/27/99 | 2.75/TON | $6,803.50 |
| 1485 TONS | PROCESSED GRAVEL 1 1/2 SHOT ROCK  12/28/99 | 2.75/TON | $4,083.75 |
| 2917 TONS | PROCESSED GRAVEL 1 1/2 SHOT ROCK  12/29/99 | 2.75/TON | $8,021.75 |
| 2181 TONS | PROCESSED GRAVEL 1 1/2 SHOT ROCK  12/30/99 | 2.75/TON | $5,997.75 |
| 2011 TONS | PROCESSED GRAVEL 1 1/2 SHOT ROCK  12/31/99 | 2.75/TON | $5,530.25 |

N 5993

**PLEASE NOTE NEW ADDRESS AND TERMS**

DATE 1-5-00
DUE 1-14-00
JOB 9909 QC 10-0014
DR $
DR 5500 $30437.00
DISC RET 737

VCH# 01155

**PAID**
Date 1-17-00
Check No. 38768
GE 23437.

Please make checks payable to
New England Contract Crushing
56 Riverside Avenue
Johnston, RI 02919

| | |
|---|---|
| SUBTOTAL | 30,437.00 |
| SHIPPING / HANDLING | |
| PAYMENTS | |
| AMOUNT DUE | 30,437.00 |

-8000 labor
23,437

**NEW ENGLAND CONTRACT CRUSHING**
56 Riverside Avenue  Johnston RI 02919

## INVOICE

**RECEIVED**
JAN 11 2000
MAROIS BROS., INC.

**To:**
Marois Bros., Inc.
Lake Rd. Power, Killingly, CT
Millbury Street, Worcester, MA

| DATE | CUST NO. | | SALESPERSON | TERMS | |
|---|---|---|---|---|---|
| 1/11/00 | PORTABLE CRUSHING | | KEN HAWKINS | $2.75 per ton within 7 days of invoice | |
| | | | | $3.25 per ton after 7 days | |

| QTY | DESCRIPTION | PER UNIT | TOTAL |
|---|---|---|---|
| 2258 TONS | PROCESSED GRAVEL 1 1/2 SHOT ROCK  1/3/2000 | 2.75/TON | $6,209.50 |
| 1198 TONS | PROCESSED GRAVEL 1 1/2 SHOT ROCK  1/4/2000 | 2.75/TON | $3,294.50 |
| 2277 TONS | PROCESSED GRAVEL 1 1/2 SHOT ROCK  1/5/2000 | 2.75/TON | $6,261.75 |
| 1916 TONS | PROCESSED GRAVEL 1 1/2 SHOT ROCK  1/6/2000 | 2.75/TON | $5,269.00 |
| 2655 TONS | PROCESSED GRAVEL 1 1/2 SHOT ROCK  1/10/2000 | 2.75/TON | $7,301.25 |

**PLEASE NOTE NEW ADDRESS AND TERMS**

**PAID**
Date: 1-21-00
Check No. 388855
$ 10,336.00

| | |
|---|---|
| SUBTOTAL | 28,336.00 |
| SHIPPING / HANDLING | |
| PAYMENTS | |
| AMOUNT DUE | 28,336.00 |

**Please make checks payable to:**
New England Contract Crushing
56 Riverside Avenue
Johnston, RI 02919

*Handwritten notes:*
Deduct $18,000 Labor open

| | |
|---|---|
| VN | 10 5993 |  OK  |
| DATE | 1-11-00 | |
| DUE | 1-21-00 | |
| JOB | 909  QC 10-0010 | |
| DR | $ | |
| DR5500 | $28,336.00 | VCH# |
| DISC | RET | 01158 |
| TYPE | | |

10,336