IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

KENNETH HAWKINS,

        Petitioner,

-v-

                                   Criminal No. 3:00 CR 75(AWT)
                                   Civil No. 3:05 CV 1186(AWT)

UNITED STATES OF AMERICA,

        Respondents,         **MOTION TO PRODUCE LETTER OF ACCEPTANCE
                                          OR IN THE ALTERNATIVE ISSUE A DEFAULT
                                          JUDGMENT AGAINST THE GOVERNMENT FOR LACK
                                                  OF JURISDICTION**

. . . . . . . . . . . . . . . . . . .

       NOW INTO COURT, Comes Kenneth Hawkins, the Petitioner appearing through Pro-Se representation and respectfully request and moves this Honorable Court to issue an order to the United States Government to produce the letter of acceptance or in the alternative issue an order against the United States for lack of jurisdiction

       A Pro-Se litigants pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. **HAINES V. KERNER,** 30 L. Ed. 2d. 652(1972): **ESTELLE V. GAMBLE,** 50 L. Ed. 2d. 251(1972). A court should make a reasonable attempt to read the pleadings to state a valid claim on which the Petitioner could prevail, despite the Petitioners failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with the pleading requirement. **HALL V. BELLMON,** 935 F. 2d. 1106: Also See Fed. R. Civ. P. 8(f)(holding that all pleadings shall be so construed as to do substantial justice).

       In Support Thereof, The Petitioner States As Follows:

A.        STATEMENT OF THE FACTS

In February of 2005, the Petitioner filed his Motion Pursuant to 28 U.S.C. § 2255, in this Honorable Court, in July of 2005, the Petitioner Amended said Motion. This Honorable Court ordered the Government to show cause by September 14, 2005, why the Petitioners request for relief should not be granted. Thereafter, the government requested two time extensions to respond to the Petitioners request for relief, the last extension of time was granted by this Honorable Court, which permitted the government to respond no later then November 14, 2005, since then the government has failed to adhere to this Honorable Courts order and has disregarded its official duty by failing to request an extension of time to file there response, being fully aware that there dead-line was never going to be met.

B. DISCUSSION

I. IS DEFAULT JUDGMENT PROCEDURALLY PROPER

Federal Rules Of Civil Procedures 55 sets forth certain conditions under which default may be entered against a party, as well as the procedure by which a party may seek the entry of default judgment. If a party "against whom a judgment for affirmative relief is sought" fails to "plead or otherwise defend" a case and "that fact is made to appear by affidavit or otherwise, the clerk[of courts] shall enter the party's default. " Fed. R. Civ. P. 55(a). Once a default is entered, "the party entitled to a judgment by default" amy move the Court for entry of default judgment. Fed. R. Civ. P. 55(b). A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required. An entry of default is what the clerk enters when the default is established by affidavit or otherwise, after defendants default has been entered, Plaintiff may apply for a judgment based on such default. This is considered a default judgment. **NEW YORK LIF INS. CO. BROWN,** 84 F. 3d. 137.

In this instance, the procedural background of this case establishes not only did the government fall into default by failing to meet this Courts dead-line order of November 14, 2005, but also failed to attempt to contact the Court explaining their reason for failing to adhere to this Courts official order, thereby undermining the fairness, integrity, and public reputation of the federal judicial process. Petitioner believes the reason for the governments delay's and insubordination is simply the fact that the United States Attorneys office does not hold nor was it ever granted the necessary "Letter Of Acceptance" from the Connecticut State legislators and governors office granting the United States and the United States Attorneys Office with delegated, legislative, and criminal jurisdiction over and upon the territory (locus delicti) in question, that being; 706, Margerate Henry Road, Sterling, Connecticut in the first place as fully explained in issue #3 of Petitioners 2255 Motion. (Also see attached exhibit).

It's been consistantly held by the Federal Courts that, without evidence of a "Letter of Acceptance" from the governor or state legislators office granting the United States exclusive or concurrent criminal jurisdiction over and upon the territory (locus delicti) in question, no federal offense has been made out.

> "No jurisdiction existed in [the] United States to enforce federal criminal laws until consent to accept jurisdiction over aquired lands have been filed in behalf of the United States as provided in Title 40 U.S.C. § 255, and [the] fact that state authorized [the federal] government to take jurisdiction was inmaterial." ADAMS V UNITED STATES, 319 U.S. 132, 87 L. Ed. 1421 (1941)

> "without proof of the requisite of ownership or possession of the United States, the crime has not been made."
> UNITED STATES V WATSON, 80 F. Supp. 649 (D.D. Va 1948)

"The laws of Congress[Federal Statutes] in respect to those matters do not extend into the territorial limits of the states but have force only in the district of Columbia, and other places that are within the exclusive(or concurrent) jurisdiction of the National Government[United States]." **CALA V. UNITED STATES,** 152 U.S. 215 (1894). Taking these cases into account and the fact that:

> "It is axiomatic that the prosecution must always prove territorial jurisdiction over a crime in order to substain a conviction therefore."

**UNITED STATES V. BENSON,** 495 F. 2d. 475, 481(5th Cir. 1974)

It should come as no surprise that the United States Attorneys refusal to respond is his way of saying he is well aware that he never had delegated legislative nor exclusive or concurrent criminal jurisdiction over and upon 706 Margarate Henry Road, Sterling Connecticut and therefore, the Petitioner is innocent of committing a federal offense under Title 21 U.S.C. § 841 and § 846 As applied to this Petitioner.

Thus, based upon this backdrop, this Petitioner respectfully requests that this Honorable Court utilize its descretion and order that the government produce the "letter of acceptance" from the Connecticut State legislators and governor's office granting the United States exclusive and or concurrent criminal jurisdiction over and upon the locus delict, or grant Petitioners motion for default judgment and release Petitioner on all grounds addressed including issue #3 of Petitioners 2255, that the government lacked criminal jurisdiction over and upon the locus delicts ab initio.

## CONCLUSION

In Sum the Petitioner would like to echo the recitation to this Honorable Court made in **BERGER V. UNITED STATES,** 79 L. Ed. 1314(1935).

> "The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all and whose interest therefore, in a criminal **prosecution** is not to win a case, but that justice shall be done. While a prosecutor can strike hard blows in an earnest and vigorous prosecution, he or she is not at liberty to strike foul ones... in an improper method to calculated a wrongful conviction."

WHEREFORE, the Petitioner prays that this Honorable Court grant him the relief requested herein and any other relief this Honorable Court might deem appropriate and just. Otherwise to do nothing would result in a total miscarriage of justice as Petitioners conduct for which he was convicted of never rose to the level of a federal offense.

Respectfully Submitted

*/s/ Kenneth Hawkins*
Kenneth Hawkins-Pro-Se
Reg#04844-070-Dorm-210
Duluth Federal Prison Camp
P.O. Box 1000
Duluth MN 55814

Executed On This 5th Day Of December 2005

CERTIFICATE OF SERVICE

I, Kenneth Hawkins, hereby certify under the penalty of perjury that on the last date given below, I deposited a true and correct copy of my MOTION TO PRODUCE LETTER OF ACCEPTANCE OR IN THE ALTERNATIVE ISSUE A DEFAULT JUDGMENT in the Duluth Federal Prison Camps legal mail system with first class postage to insure its proper delivery to:

> Asst. U.S. Attorney, Michael J. Gustafson
> U.S. Attorneys Office
> 450 Main Street
> Hartford Connecticut 06103

Executed On This 5 Th Day Of December 2005

_____
Kenneth Hawkins-Pro-Se



**U.S. Department of Justice**

Environment and Natural Resources Division

*Policy, Legislation, and Special Litigation Section*
*P.O. Box 4390*
*Washington, D.C. 20044-4390*

*Telephone (202) 514-1442*
*Facsimile (202) 514-4231*

Kenneth Hawkins
#04844-070
Federal Prison Camp
P.O. Box 1000
Duluth, MN 55814

FEB 2 5 2004

FOIA No.: FOIA-2004-00051

Dear Mr. Hawkins:

This letter responds to your Freedom of Information Act (FOIA) request concerning federal jurisdiction over lands in Connecticut. The Environment and Natural Resources Division (ENRD) received your request on January 26, 2004.

Please note that the FOIA does not require agencies to create documents or compile information from disparate sources to answer questions posed by FOIA requests. However, we did conduct a search of the Division's files for letters of acceptance of jurisdiction over lands in Connecticut. We located no records responsive to your request. Note also that the presence or absence of the records you requested in this Division's files does not indicate the existence or non-existence of federal legislative jurisdiction over a site.

This determination may be appealed under 28 C.F.R. 16.9(a) and 5 U.S.C. 552(a)(6)(A) within 60 days of the date of this letter by writing to the Co-Director, Office of Information and Privacy, U.S. Department of Justice, Flag Building, Suite 570, Washington D.C. 20530. You should clearly mark your envelope and letter: "Freedom of Information Appeal."

The cost of processing your request did not exceed our minimum billing threshold, so you will not be charged for this request. If you need any further assistance, please contact Judy Harvey at (202) 305-0641.

Sincerely,

Pauline Milius
Chief