UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KENNETH HAWKINS | : | CRIMINAL NO. 3:00CR75(AWT) |
| Petitioner | : | CIVIL NO.    3:05CV1186(AWT) |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA | : | March 14, 2006 |
| Respondent | | |

### GOVERNMENT'S OBJECTION TO PETITIOINER'S MOTION FOR RETURN OF PROPERTY

The United States respectfully objects to the petitioner's motion for return of a seized bank account because the funds were seized administratively long before Hawkins pleaded guilty in this matter. Accordingly, the motion should be denied.

First, the funds in the account were the subject of an administrative forfeiture perfected by the DEA pursuant to 21 U.S.C. § 881 and 19 U.S.C. § 1609. Attached is the Declaration of John J. Cipriani, Acting Forfeiture Counsel of the Drug Enforcement Administration, and the DEA's file regarding its forfeiture of Hawkins' Bank of Boston account. In this regard, the government is puzzled by Hawkins' assertion in his motion that he was denied due process rights; the attached file demonstrates that Hawkins was in fact very aware of the administrative forfeiture process and participated in the same. The petitioner cannot point to any defect in the administrative process, and the attached materials reveal no flaw. Accordingly, the petitioner's Motion For Return of Property should be denied.

To wit, on or about September 18, 2000, the DEA notified Mr.

Hawkins via certified mail that his petition for remission or mitigation was denied. <u>See</u> Correspondence of Senior Attorney Richard A. Medema of the Asset Forfeiture Section of the DEA (ex. 19). In that correspondence, the DEA explained that:

- it had received Hawkins' petition for remission or mitigation (which necessarily means that Hawkins was aware of and involved in the forfeiture matter);

- Hawkins' decision to proceed by petition for remission or mitigation bound Hawkins to the administrative remedy, <u>United States v. One 1987 Jeep Wrangler</u>, 972 F.2d 472, 479 (2d Cir. 1992); <u>Sarit v. DEA</u>, 97 F.2d 10, 17 (1st Cir. 1993)(forfeiture statute precludes judicial review); <u>Scarabin v. DEA</u>, 919 F.2d 337, 339 (5th Cir. 1990)(the administrative denial of a petition for remission or mitigation is not subject to judicial review on the merits);

- it had reviewed Hawkins' petition and determined that he failed to carry his burden of showing that he had a valid, good faith and legally cognizable interest in the seized property and that he qualified as an innocent owner;

- notwithstanding Hawkins' failure to carry his administrative burden, as a matter of discretion the DEA had re-examined Hawkins' petition to determine whether extenuating circumstances existed that warranted mitigation of the forfeiture. But no extenuating circumstances were present; and

- Hawkins was entitled to request reconsideration.

This September 18, 2000, correspondence demonstrates both that Hawkins was very much aware of the administrative seizure of the bank account and, moreover, that he had attempted to obtain a return of the subject funds - albeit too late. <u>See also</u> exhibits 14 and 15 (explaining that Hawkins had until April 23, 2000 to file a claim for the property; Hawkins submitted a claim dated May 8, 2000 that was received on May 17, 2000). Thus, because

Hawkins cannot show that his due process rights were violated, the motion should be denied.

Second, Hawkins' reliance on the plea agreement letter does not provide a basis for a different result. The plea letter, filed on the evening he pleaded guilty - February 9, 2002 - reads as follows:

> The defendant further agrees not to oppose the criminal, civil and administrative forfeiture of property owned or possessed by him, which property was used to facilitate his drug trafficking activities, or which property was drug proceeds. **This agreement encompasses all of the things of value that heretofore have been seized from the defendant,** including the cash that was seized from his residence, 706 Margaret Henry Road, Sterling, Connecticut, the 1979 Peterbilt tractor bearing serial number 099856, the Caterpillar Model 988B bearing serial number 50W06140, and the portable crushing plant bearing serial number 2055880. (Emphasis added)

Although the subject bank account is not listed specifically, it is clear that by February 9, 2002, the monies in the account had been administratively forfeited via a proceeding that the defendant participated in 2000. See Affidavit of Attorney Cipriani and attached exhibits. The plea agreement, moreover, simply indicates that Hawkins agreed to waive any challenges that he might have had on February 9, 2002, relative to any property seized by the government, including but presumably not limited to the items specifically listed. Thus the government respectfully submits that Hawkins waived his right to pursue any further challenges to the forfeiture that he was

clearly aware of and had unsuccessfully attempted to block.[1] Accordingly, the petitioner's motion should be denied.

Alternatively, the government submits that this court lacks jurisdiction to rule upon Hawkins' motion. Here, Hawkins invokes Rule 41(g), which provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." The Second Circuit, in United States v. One 1987 Jeep Wrangler, 972 F.2d 472, 479 (2d Cir. 1992), found that once an administrative forfeiture action has been initiated, the district court "loses subject matter jurisdiction to adjudicate" a motion made pursuant to Rule 41(g) that seeks the return of seized property.[2] The court affirmed the dismissal of the claimant's Rule 41 motion because the "administrative forum afforded the claimant the opportunity to raise all objections to the seizure ..." Id.

Under the provisions set forth in 18 U.S.C. § 881(d), and

---

[1] To the extent the plea letter can be construed differently - i.e. that Hawkins did not waive his right to administratively challenge the forfeiture of his bank account - it is apparent that Hawkins did in fact pursue his administrative rights and remedies prior to the entry of his guilty plea, albeit with negative results.

[2] In One 1987 Jeep Wrangler, the court construed Rule 41(e). However, Rule 41(e) was re-labeled 41(g) pursuant to the 2002 amendments to the Federal Rules of Criminal Procedure. Since then, courts have applied case law analyzing Rule 41(e) to motions that address Rule 41(g). See Gatex Corp. v. United States, 04 CV 3729, 2005 WL 821516, *1 n. 1 (S.D.N.Y. April 7, 2005).

the applicable regulations, the DEA is authorized to subject seized property to administrative forfeiture by sending written notice of its intent to forfeit to each party who appears to have an interest in the property, and by publishing such notice in a newspaper of general circulation once a week for three successive weeks. See 19 U.S.C. § 1607; 21 C.F.R. § 1316.75 (2000). If, within twenty days after the first publication, a claimant submits a claim of ownership and posts a cost bond of the lower of $5000 or 10% of the value of the property, or successfully petitions to waive the bond and proceed in forma pauperis, the administrative proceedings are terminated and the government must proceed by filing a claim for judicial forfeiture in a federal district court. See 19 U.S.C. § 1608; 19 C.F.R. § 162.47 (2000); 21 C.F.R. §§ 1316.76(b), 1316.78 (2000); see also Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997); Boero v. DEA, 111 F.3d 301, 304 (2d Cir. 1997). If a claimant fails to submit a claim, however, the property is administratively forfeited by default. See 19 U.S.C. § 1609; 19 C.F.R. § 162.46 (2000); 21 C.F.R. § 1316.77 (2000); Small, 136 F.3d at 1335; Boero, 111 F.3d at 304. Once property has been administratively forfeited, the only option available to one with an interest in the property is to file a petition for remission or mitigation with the seizing agency. See 19 U.S.C. § 1618; 21 C.F.R. § 1316.79 (2000); 28 C.F.R. §§ 9.1-9.9 (2000); Ibarra, 120 F.3d at 475. Treating an

agency's decision to grant such a petition as an "act of grace," several courts have held that the courts may not review the merits of an agency's decision to deny mitigation or remission, but may only determine whether the agency followed the applicable procedural requirements prior to forfeiting the property. In re $67,470.00, 901 F.2d at 1543; Scarabin, 919 F.2d at 338-39; see Yskamp v. DEA, 163 F.3d at 770; Arango, 115 F.3d at 925; One 1987 Jeep Wrangler, 972 F.2d at 480; see also Ibarra v. United States, 120 F.3d 472, 475 (4th Cir. 1997). In so holding, these cases treat the decision to mitigate or remit as an "agency action ... committed to agency discretion by law," a category of administrative decisions to which the judicial review provisions of the APA are inapplicable. 5 U.S.C. § 701(a)(2); 28 C.F.R. § 9.7(a)(1) (2000) ("Whether the property or a monetary equivalent will be remitted to an owner shall be determined at the discretion of the Ruling Official.").

Accordingly, the government objects to the granting of this motion.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

*/s/ Michael T. Gustafson*

MICHAEL J. GUSTAFSON
ASSISTANT UNITED STATES ATTORNEY
FEDERAL BAR #ct01503
157 CHURCH STREET
NEW HAVEN, CT 06510

## CERTIFICATION

I hereby certify that a true copy of the foregoing was mailed, postage prepaid, this 14th day of March, 2006, to:

Kenneth Hawkins
Reg # 04844-070
Dorm 210
Duluth Federal Prison Camp
PO Box 1000
Duluth, MN 55814

                                              _____
                                              MICHAEL J. GUSTAFSON
                                              ASSISTANT UNITED STATES ATTORNEY