UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| KENNETH HAWKINS, | ) ) ) | |
| Petitioner, | ) ) .) | |
| v. | . ) ) ) | Case No: 3:00 CR75(AWT) |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) ) | |

### DECLARATION OF JOHN J. CIPRIANI

1.  I, John J. Cipriani, hereby declare that I am the Acting Forfeiture Counsel of the Drug Enforcement Administration (DEA), United States Department of Justice, and in that capacity supervise forfeiture activities within the DEA.

2.  I affirm that, in the course of my official duties as Acting Forfeiture Counsel of the DEA, I supervise and monitor the forfeiture activities of DEA field offices and receive reports and inquiries from those field offices regarding all facets of forfeiture matters.

1

3. I declare that material related to the property, which is the subject matter of the above-captioned action, is contained in one (1) file of my office.

4. The file, captioned as DEA Case No. **CD-00-0008** and Asset Identification No. **00-DEA-374949**, contains the following information:

(a) DEA Asset I.D. No. **00-DEA-374949** represents $73,483.27 in proceeds seized from BankBoston Checking Account No. 273-34191, in the name of New England Contract Crushing, on February 7, 2000, in Providence, Rhode Island, pursuant to a federal Seizure Warrant issued by the Honorable Joan G. Margolis, United States Magistrate Judge, on February 4, 2000 (Exhibit 1). The DEA office in Hartford, Connecticut subsequently prepared and submitted a forfeiture report to this office. An attorney or paralegal reviewed this report to determine if the DEA field office provided adequate information to support administrative forfeiture proceedings against the property. This procedure included a legal review of the evidence that existed to seize the $73,483.27 in proceeds seized from BankBoston Checking Account No. 273-34191. Based on this thorough review, the DEA accepted this case for administrative forfeiture.

(b) On March 21, 2000, pursuant to Title 19, United States Code (U.S.C.), Section 1607(a), the DEA sent written notice of this seizure by certified mail, return receipt requested, to Kenneth Hawkins, 56 Riverside Avenue, Johnston, RI 02919 (Exhibit 2). On March 28, 2000, an individual signing in

the "Signature" block accepted delivery of this notice (Exhibit 3).

(c) On March 21, 2000, pursuant to Title 19, U.S.C., Section 1607(a), the DEA sent written notice of this seizure by certified mail, return receipt requested, to Kenneth Hawkins, c/o John Cicilline/Esq., Law Offices of John Cicilline/Esq., 387 Atwells Avenue, Providence, RI 02909 (Exhibit 4). On March 28, 2000, an individual signing in the "Signature" block accepted delivery of this notice (Exhibit 5).

(d) On March 21, 2000, pursuant to Title 19, U.S.C., Section 1607(a), the DEA sent written notice of this seizure by certified mail, return receipt requested, to New England Contract Crushing, ATTN: Kenneth Hawkins/Owner, P.O. Box 5073, Greene, RI 02827 (Exhibit 6). On March 28, 2000, an individual signing in the "Signature" block accepted delivery of this notice (Exhibit 7).

(e) On March 21, 2000, pursuant to Title 19, U.S.C., Section 1607(a), the DEA sent written notice of this seizure by certified mail, return receipt requested, to BankBoston, N.A., ATTN: Barbara J. Mollo, One BankBoston Plaza, P.O. Box 1558, Providence, RI 02901-1558 (Exhibit 8). On March 29, 2000, an individual signing in the "Signature" block accepted delivery of this notice (Exhibit 9).

(f) Pursuant to Title 19, U.S.C., Section 1607(a) and Title 21, Code of Federal Regulations (C.F.R.), Section 1316.75, the seizure of the property was published in THE WALL STREET JOURNAL, a newspaper of general circulation in the District of

3

Rhode Island (Exhibit 10). The notice was published once each week for three successive weeks: April 3, 10, and 17, 2000. The published and mailed notices explained the option of filing a claim and cost bond, or an affidavit of indigency in lieu of the cost bond, with the DEA Forfeiture Counsel in order to contest the forfeiture action in United States District Court. The published and mailed notices also stated that the deadline to file a claim was August 23, 2000. In addition, the published and mailed notices explained the option of filing a petition for remission or mitigation.

      (g) On May 5, 2000, the DEA sent a copy of Exhibit 2 and Exhibit 3 by certified mail, return receipt requested, to Mr. Kenneth Hawkins, 706 Margaret Henry Road, Sterling, CT 06377 (Exhibit 11). On May 12, 2000, an individual signing in the "Signature" block accepted delivery of this correspondence (Exhibit 12).

      (h) On May 17, 2000, the DEA received a claim and request to proceed *in forma pauperis* from Kenneth Hawkins (Exhibit 13).

      (i) On May 18, 2000, after there had not been any properly executed claim and cost bond received, and after the time limit for filing said claim and cost bond expired, the DEA forfeited the $73,483.27 in proceeds seized from BankBoston Checking Account No. 273-34191 to the United States pursuant to Title 19, U.S.C., Section 1609 (Exhibit 14).

      (j) On June 12, 2000, the DEA rejected the claim of Kenneth Hawkins as untimely. A letter, sent by certified mail,

4

return receipt requested, notified Kenneth Hawkins of this decision (Exhibit 15). On June 20, 2000, an individual signing in the "Signature" block accepted delivery of this letter (Exhibit 16).

 (k) On July 11, 2000, the DEA received a petition for remission or mitigation from Kenneth Hawkins (Exhibit 17).

 (l) On August 1, 2000, the DEA acknowledged receipt of the petition for remission or mitigation of Kenneth Hawkins (Exhibit 18).

 (m) On September 18, 2000, the DEA denied the petition for remission or mitigation of Kenneth Hawkins. A letter, sent by certified mail, return receipt requested, notified Kenneth Hawkins of this decision and of the option to file a request for reconsideration of the decision to deny the petition pursuant to Title 28, C.F.R., Section 9.3(j) (Exhibit 19). On October 2, 2000, an individual signing in the "Signature" block accepted delivery of this letter (Exhibit 20).

 (n) On April 18, 2001, the DEA received a letter from Kenneth Hawkins requesting the return of all funds seized from him (Exhibit 21). Kenneth Hawkins' correspondence also referenced other assets not at issue in this action.

 (o) On May 3, 2001, the DEA received a letter from Kenneth Hawkins requesting information regarding the seizure and forfeiture of funds seized from him (Exhibit 22).

 (p) On June 26, 2001, the DEA sent a letter by certified mail, return receipt requested, to Kenneth Hawkins, informing him that the $73,483.27 in proceeds seized from

5

BankBoston Checking Account No. 273-34191 had been forfeited to the United States and disposed of according to law, and that the matter was now closed (Exhibit 23). An individual signing in the "Signature" block accepted delivery of this letter (Exhibit 24).

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed this 10th day of March 2006.

> John J. Cipriani
> Acting Forfeiture Counsel
> Asset Forfeiture Section (OML)
> Drug Enforcement Administration
> HQs Forfeiture Response
> P. O. Box 1475
> Quantico, VA  22134-1475

Attachments:   Exhibits 1-24