Sent By: HP LaserJet 3100;                  6175572238;         Feb-25    11:17AM;    Page 2/12
02/23/00  WED 16:03 FAX 860 2   3703    DEA HARTFORD RO          NBPD APU         @002

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,                  :
           Plaintiff,                      :
                                            :
    v.                                  : Misc. Civil No.
                                            :
PROCEEDS IN U.S. CURRENCY, HELD     :
BANK OF BOSTON, BUSINESS            :
CHECKING ACCOUNT, ACCOUNT           :
NUMBER 273-34191                    :
                                            :
           Defendant.                      :

<u>SEIZURE WARRANT</u>

TO: ANY SPECIAL AGENT OF THE DRUG ENFORCEMENT AGENCY OR OTHER FEDERAL OFFICER:

    An affidavit having been made before me by Special Agent Todd Yant, Drug Enforcement Agency, that he has reason to believe that the defendants, proceeds in savings account number 273-34191, held in the name of New England Contract Crushing, at Bank Boston, Greene, Rhode Island, was used or intended to be used in violation of the Controlled Substances Act, 21 U.S.C. Sections 801 <u>et seq.</u>, and that said currency is now located in the District of Connecticut; and as I am satisfied that there is probable cause to believe that the defendant proceeds so described was furnished or intended to be furnished in exchange for controlled substances, or constitute proceeds traceable to such exchanges and are, therefore, subject to forfeiture pursuant to 21 U.S.C. Section 881(a)(6), and that grounds for application for issuance of a Seizure Warrant exist as stated in the supporting affidavit:

    YOU ARE HEREBY COMMANDED pursuant to 21 U.S.C. Section 881(b) to seize the defendants, proceeds in savings account number 273-34191, held in the name of New England


GOVERNMENT EXHIBIT 1

Sent By: HP LaserJet 3100;            6175572238;         Feb-25-00 11:18AM;      Page 3/12
02/23/00 WED 15:04 FAX 860 2  3703    DEA HARTFORD RO        →→→ NBPD APU           @003

Contract Crushing, at Bank Boston, Greene, Rhode Island, within ten days of the issuance of this Warrant, leaving a copy of this Warrant and a receipt for the property taken, and prepare a written inventory of the property seized and promptly return this Warrant to a United States Magistrate Judge in the District of Connecticut, as required by law.

Issued at New Haven, Connecticut, this 4th day of February, 2000.

HONORABLE JOAN G. MARGOLIS
UNITED STATES MAGISTRATE JUDGE



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

Kenneth Hawkins
56 Riverside Avenue
Johnston, RI 02919

| | |
|---|---|
| Asset Id: | 00-DEA-374949 |
| Case Number: | CD-00-0008 |
| Property: | BankBoston, VL: $73,483.27, Checking Account # |
| Account Number: | 273-34191 |
| Asset Value: | $73,483.27 |
| Seizure Date: | 02/07/00 |
| Seizure Place: | Providence, RI |
| Owner Name: | New England Contract Crushing |
| Seized From: | England Contract Crushing, New |
| Judicial District: | District of Rhode Island |

**BOND REQUIRED:** $5,000.00
**LETTER DATE:** March 21, 2000
**FIRST DATE OF PUBLICATION:** April 3, 2000

## NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture under Title 21, United States Code (U.S.C.), Section 881, because it was used or acquired as a result of a **drug-related offense.** (see Title 21, Code of Federal Regulations (C.F.R.), Section 1316.91(d) (54 Federal Register 37610-37611) for the definition of the term "drug-related offense.") The seizure date and place, as well as other pertinent information regarding the property are also shown above.

Pursuant to Title 19, U.S.C., Sections 1602-1619, and Title 21 Code of Federal Regulations (C.F.R.), Sections 1316.71-1316.81, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in it (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in court. Also, under certain circumstances, you may petition for the expedited release of the property. **You should review the following procedures very carefully.**

## TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission **(pardon)** or mitigation of the forfeiture, submit a petition for remission or mitigation within thirty **(30)** days from the receipt of this notice. Follow the regulations set forth in Title 28, C.F.R., Sections 9.1-9.9. State the facts and circumstances which you believe justify the return of the property or return of your interest in the property.

File an original petition and two copies with the DEA's Asset Forfeiture Section. **No bond** is necessary if only a petition is filed. Pursuant to Title 28, C.F.R., Section 9.9(g), a **petition for remission or mitigation of forfeiture shall be signed and sworn to by the petitioner.**

GOVERNMENT EXHIBIT 2

## TO CONTEST THE FORFEITURE

In addition to or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim of ownership and a cost bond with the DEA. Submit the bond in the amount shown above in the form of a cashier's check or a certified check **payable to the U.S. Department of Justice**, or present satisfactory surety. **Claims must be signed by the parties making the claim.** Unsupported submissions signed by attorneys are insufficient to satisfy the requirement the claims be personally executed. United States v. Fifteen Thousand Five Hundred Dollars, 558 F.2d 1359, 1360 (9th Cir. 1977). If you are indigent (needy and poor) you may not have to post the bond. To request a waiver of the bond, you must fully disclose your finances in a signed statement called a "Declaration in Support of Request to Proceed *In Forma Pauperis*" along with a claim of ownership of the property. Use the format of the pauperis declaration shown as Form 4 in the Appendix of Forms following Rule 48 of the Federal Rules of Appellate Procedure or obtain a form from a DEA field office. The claim of ownership, with either bond or "Declaration in Support of Request to Proceed *In Forma Pauperis*" must be filed within **twenty (20) days** of the **first date** of publication of the notice of seizure in the edition of the Wall Street Journal newspaper referenced above. The notice will be published for three successive weeks.

## PETITION FOR EXPEDITED RELEASE

Under certain circumstances you may petition for expedited release of the property. Such expedited release procedures are available under Sections 6079 and 6080 of the Anti-Drug Abuse Act of 1988 (Public Law 100-690), as implemented by Title 21, C.F.R., Section 1316.90-1316.99 (54 Federal Register 37610-37613). Section 6079 covers seizures of property for a violation involving the possession of personal use quantities of a controlled substance as defined in Title 21, C.F.R., Section 1316.91(j). Section 6080 covers seizures of a conveyance for a drug-related offense.

### Expedited Review of Property Seized Based Upon the Possession of Personal Use Quantities of a Controlled Substance

If the property was seized for administrative forfeiture for a violation involving the possession of personal use quantities of a controlled substance, then a "Notice of Seizure of Property For Personal Use Quantities of Controlled Substances" ("Notice") was given to the party in possession of the property at the time of seizure. In order to obtain an expedited review, the owner must file a "Petition For Expedited Release" of the seized property with the DEA office whose address was listed on the Notice provided at the time of seizure. The "Petition For Expedited Release" may be filed at any time after the date of seizure up until **twenty (20) days** following the **first date** of publication of the notice of seizure in the edition of the Wall Street Journal newspaper referenced above. The petition must be executed and sworn to by the **owner**, and both the envelope and the request must be clearly marked **"PETITION FOR EXPEDITED RELEASE."** An original and two copies of the petition must be filed and must include the following:

1. A complete description of the property, including identification number, if any, and the date and place of seizure;

2. The owner's interest in the seized property, which shall be supported by title documentation, bills of sale, contracts, mortgages, or other satisfactory documentary evidence; and

3. A statement of facts and circumstances to be established by satisfactory proof, sworn to by the owner, demonstrating: (a) the owner has a valid, good faith interest in the seized property as owner or otherwise; (b) the owner reasonably attempted to ascertain the use of the property in a normal and customary manner; and (c) the owner did not know or consent to the illegal use of the property, or in the event that the owner knew or should have known of the illegal use, the owner did what reasonably could be expected to prevent the violation.

Within twenty (20) days of receipt of the "Petition For Expedited Release," the DEA shall determine whether to grant or deny the petition. If the petition is granted, the DEA shall terminate the administrative forfeiture and return the property to the owner except where the property is evidence of a violation of law. If the petition is denied, the DEA shall proceed with the administrative forfeiture.

Under Title 21, C.F.R., Section 1316.94, the owner of property seized for administrative forfeiture involving controlled substances in personal use quantities, may obtain the release of the seized property before the completion of the administrative forfeiture process by providing satisfactory proof of ownership of the property and by substituting for that property **an amount equal to the appraised value of the property**, (a "substitute res") as determined by the DEA, in the form of a traveler's check, money order irrevocable letter of credit or cashier's check made payable to the DEA. Payment in the form of a cashier's check will be considered as paid once the check has been accepted for payment by the financial institution which issued the check. Upon forfeiture,

the DEA shall forfeit the substitute res in lieu of the property.

### Expedited Review of Seized Conveyances

The owner of a conveyance (a vehicle, vessel or aircraft) seized for forfeiture because of the conveyance's involvement in a drug-related offense may, after **filing a claim and the posting of a cost bond** as described above, file a "Petition For Expedited Release" in order to obtain an expedited review of the seizure. The "Petition For Expedited Release" must be executed and sworn to by the owner and filed in triplicate. The petition and the envelope in which it is contained must be clearly marked "PETITION FOR EXPEDITED RELEASE." The original petition and one copy must be addressed to and filed with the United States Attorney prosecuting the conveyance in the Judicial District shown above. The second copy must be addressed to and filed with the DEA office listed on the "Notice of Seizure of a Conveyance For A Drug Related Offense," which was provided to the party from whom the property was seized at the time of the seizure. The petition must be received by the United States Attorney within **twenty (20) days** from the **first date** of publication of the notice of the action and arrest of the property, or within **thirty (30) days** after filing the claim, whichever occurs later. In the petition, the owner must submit credible information establishing the following:

1. A complete description of the property, including identification number, if any, and the date and place of seizure;

2. The owner's interest in the seized property, which shall be supported by title documentation, bills of sale, contracts, security interest record, or other satisfactory documentary evidence; and

3. A statement of facts and circumstances, to be established by satisfactory proof, sworn to by the owner, demonstrating: (a) the owner has a valid, good faith interest in the seized property as owner or otherwise; (b) the owner reasonably attempted to ascertain the use of the property in a normal and customary manner; and (c) the owner did not know or consent to the illegal use of the property, or, in the event that the owner knew or should have known of the illegal use, the owner did what reasonably could be expected to prevent the violation.

Within twenty (20) days of receipt of the "Petition For Expedited Release," the United States Attorney shall determine whether to grant or deny the petition. If the United States Attorney grants the petition, the conveyance shall be returned to the owner pending the outcome of the forfeiture action, except where it is evidence of a violation of law. If the United States Attorney denies the petition, the Government shall retain possession pending further proceedings.

An owner may obtain release of the conveyance by providing satisfactory proof of ownership, and by providing security to the DEA in the form of a substitute res bond in an amount equal to the appraised value of the conveyance, as determined by the DEA. In the event the Attorney General or his designee determine the conveyance should be retained as evidence of a violation of law or, because by reason or design or other characteristic, the conveyance is particularly suited for use in illegal activities, no release of the conveyance will be made. The bond must be in the form of a traveler's check, a money order, a cashier's check, or an irrevocable letter of credit made **payable to the Department of Justice**. A bond in the form of a cashier's check will be considered paid once the check has been accepted for payment by the financial institution which issued the check.

### WHERE TO SUBMIT CORRESPONDENCE

Except as noted above involving "Petitions for Expedited Release," all other documents must be submitted to the **Drug Enforcement Administration, Office of Domestic Operations, Asset Forfeiture Section, Caller Number 91017, Arlington, VA 22202**. The Asset ID referenced **must** be used when submitting a petition, claim and bond, or other correspondence to the DEA. Failure to include the asset id may cause a delay in the DEA's action on this matter.

```
         Z 164 380 809

   US Postal Service
   Receipt for Certified Mail
   No Insurance Coverage Provided.
   Do not use for International Mail (See reverse)
```

| Sent to | |
|---|---|
| Street & Number | |
| Post Office, State, & ZIP Code | |
| Postage | $ |
| Certified Fee | |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | |
| Return Receipt Showing to Whom, Date, & Addressee's Address | |
| TOTAL Postage & Fees | $ |
| Postmark or Date | |

PS Form 3800, April 1995

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Kenneth Hawkins
   56 Riverside Avenue
   Johnston, RI  02919
      Z164380809    Asset ID: 00-DEA-374949
            (CD)

2. Article Number (Copy from service label)
   Z 164 380 809

PS Form 3811, July 1999       Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)   B. Date of Delivery
                                        3/28/00

C. Signature
X  [signature]        ☐ Agent
                      ☐ Addressee

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☒ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

551

C. Wells                              102595-99-M-1789

GOVERNMENT EXHIBIT 3



**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

Kenneth Hawkins
c/o John Cicilline/Esq.
Law Offices of John Cicilline/Esq.
387 Atwells Avenue
Providence, RI 02909

| Asset Id: | 00-DEA-374949 |
|---|---|
| Case Number: | CD-00-0008 |
| Property: | BankBoston, VL: $73,483.27, Checking Account # |
| Account Number: | 273-34191 |
| Asset Value: | $73,483.27 |
| Seizure Date: | 02/07/00 |
| Seizure Place: | Providence, RI |
| Owner Name: | New England Contract Crushing |
| Seized From: | England Contract Crushing, New |
| Judicial District: | District of Rhode Island |

**BOND REQUIRED:** $5,000.00
**LETTER DATE:**    March 21, 2000
**FIRST DATE OF PUBLICATION:** April 3, 2000

### NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture under Title 21, United States Code (U.S.C.), Section 881, because it was used or acquired as a result of a **drug-related offense.** (see Title 21, Code of Federal Regulations (C.F.R.), Section 1316.91(d) (54 Federal Register 37610-37611) for the definition of the term "drug-related offense.") The seizure date and place, as well as other pertinent information regarding the property are also shown above.

Pursuant to Title 19, U.S.C., Sections 1602-1619, and Title 21 Code of Federal Regulations (C.F.R.), Sections 1316.71-1316.81, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in it (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in **court.** Also, under certain circumstances, you may petition for the expedited release of the property. **You should review the following procedures very carefully.**

### TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission **(pardon)** or mitigation of the forfeiture, submit a petition for remission or mitigation within thirty (30) days from the receipt of this notice. Follow the regulations set forth in Title 28, C.F.R., Sections 9.1-9.9. State the facts and circumstances which you believe justify the return of the property or return of your interest in the property.

File an original petition and two copies with the DEA's Asset Forfeiture Section. No **bond** is necessary if only a petition is filed. **Pursuant to Title 28, C.F.R., Section 9.9(g), a petition for remission or mitigation of forfeiture shall be signed and sworn to by the petitioner.**

GOVERNMENT EXHIBIT 4

## TO CONTEST THE FORFEITURE

In addition to or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim of ownership and a cost bond with the DEA. Submit the bond in the amount shown above in the form of a cashier's check or a certified check payable to the U.S. Department of Justice, or present satisfactory surety. **Claims must be signed by the parties making the claim.** Unsupported submissions signed by attorneys are insufficient to satisfy the requirement the claims be personally executed. United States v. Fifteen Thousand Five Hundred Dollars, 558 F.2d 1359, 1360 (9th Cir. 1977). If you are indigent (needy and poor) you may not have to post the bond. To request a waiver of the bond, you must fully disclose your finances in a signed statement called a "Declaration in Support of Request to Proceed *In Forma Pauperis*" along with a claim of ownership of the property. Use the format of the pauperis declaration shown as Form 4 in the Appendix of Forms following Rule 48 of the Federal Rules of Appellate Procedure or obtain a form from a DEA field office. The claim of ownership, with either bond or "Declaration in Support of Request to Proceed *In Forma Pauperis*" must be filed within **twenty (20) days** of the **first date** of publication of the notice of seizure in the edition of the Wall Street Journal newspaper referenced above. The notice will be published for three successive weeks.

## PETITION FOR EXPEDITED RELEASE

Under certain circumstances you may petition for expedited release of the property. Such expedited release procedures are available under Sections 6079 and 6080 of the Anti-Drug Abuse Act of 1988 (Public Law 100-690), as implemented by Title 21, C.F.R., Section 1316.90-1316.99 (54 Federal Register 37610 -37613). Section 6079 covers seizures of property for a violation involving the possession of personal use quantities of a controlled substance as defined in Title 21, C.F.R., Section 1316.91(j). Section 6080 covers seizures of a conveyance for a drug-related offense.

### Expedited Review of Property Seized Based Upon the Possession of Personal Use Quantities of a Controlled Substance

If the property was seized for administrative forfeiture for a violation involving the possession of personal use quantities of a controlled substance, then a "Notice of Seizure of Property For Personal Use Quantities of Controlled Substances" ("Notice") was given to the party in possession of the property at the time of seizure. In order to obtain an expedited review, the owner must file a "Petition For Expedited Release" of the seized property with the DEA office whose address was listed on the Notice provided at the time of seizure. The "Petition For Expedited Release" may be filed at any time after the date of seizure up until **twenty (20) days** following the **first date** of publication of the notice of seizure in the edition of the Wall Street Journal newspaper referenced above. The petition must be executed and sworn to by the owner, and both the envelope and the request must be clearly marked **"PETITION FOR EXPEDITED RELEASE."** An original and two copies of the petition must be filed and must include the following:

1. A complete description of the property, including identification number, if any, and the date and place of seizure;

2. The owner's interest in the seized property, which shall be supported by title documentation, bills of sale, contracts, mortgages, or other satisfactory documentary evidence; and

3. A statement of facts and circumstances to be established by satisfactory proof, sworn to by the owner, demonstrating: (a) the owner has a valid, good faith interest in the seized property as owner or otherwise; (b) the owner reasonably attempted to ascertain the use of the property in a normal and customary manner; and (c) the owner did not know or consent to the illegal use of the property, or in the event that the owner knew or should have known of the illegal use, the owner did what reasonably could be expected to prevent the violation.

Within twenty (20) days of receipt of the "Petition For Expedited Release," the DEA shall determine whether to grant or deny the petition. If the petition is granted, the DEA shall terminate the administrative forfeiture and return the property to the owner except where the property is evidence of a violation of law. If the petition is denied, the DEA shall proceed with the administrative forfeiture.

Under Title 21, C.F.R., Section 1316.94, the owner of property seized for administrative forfeiture involving controlled substances in personal use quantities, may obtain the release of the seized property before the completion of the administrative forfeiture process by providing satisfactory proof of ownership of the property and by substituting for that property **an amount equal to the appraised value of the property,** (a "substitute res") as determined by the DEA, in the form of a traveler's check, money order irrevocable letter of credit or cashier's check made payable to the DEA. Payment in the form of a cashier's check will be considered as paid once the check has been accepted for payment by the financial institution which issued the check. Upon forfeiture,

the DEA shall forfeit the substitute res in lieu of the property.

### Expedited Review of Seized Conveyances

The owner of a conveyance (a vehicle, vessel or aircraft) seized for forfeiture because of the conveyance's involvement in a drug-related offense may, **after filing a claim and the posting of a cost bond** as described above, file a "Petition For Expedited Release" in order to obtain an expedited review of the seizure. The "Petition For Expedited Release" must be executed and sworn to by the owner and filed in triplicate. The petition and the envelope in which it is contained must be clearly marked "PETITION FOR EXPEDITED RELEASE." The original petition and one copy must be addressed to and filed with the United States Attorney prosecuting the conveyance in the Judicial District shown above. The second copy must be addressed to and filed with the DEA office listed on the "Notice of Seizure of a Conveyance For A Drug Related Offense," which was provided to the party from whom the property was seized at the time of the seizure. The petition must be received by the United States Attorney within **twenty (20) days** from the **first date** of publication of the notice of the action and arrest of the property, or within **thirty (30) days** after filing the claim, whichever occurs later. In the petition, the owner must submit credible information establishing the following:

1. A complete description of the property, including identification number, if any, and the date and place of seizure;

2. The owner's interest in the seized property, which shall be supported by title documentation, bills of sale, contracts, security interest record, or other satisfactory documentary evidence; and

3. A statement of facts and circumstances, to be established by satisfactory proof, sworn to by the owner, demonstrating: (a) the owner has a valid, good faith interest in the seized property as owner or otherwise; (b) the owner reasonably attempted to as certain the use of the property in a normal and customary manner; and (c) the owner did not know or consent to the illegal use of the property, or, in the event that the owner knew or should have known of the illegal use, the owner did what reasonably could be expected to prevent the violation.

Within twenty (20) days of receipt of the "Petition For Expedited Release," the United States Attorney shall determine whether to grant or deny the petition. If the United States Attorney grants the petition, the conveyance shall be returned to the owner pending the outcome of the forfeiture action, except where it is evidence of a violation of law. If the United States Attorney denies the petition, the Government shall retain possession pending further proceedings.

An owner may obtain release of the conveyance by providing satisfactory proof of ownership, and by providing security to the DEA in the form of a substitute res bond in an amount equal to the appraised value of the conveyance, as determined by the DEA. In the event the Attorney General or his designee determine the conveyance should be retained as evidence of a violation of law or, because by reason or design or other characteristic, the conveyance is particularly suited for use in illegal activities, no release of the conveyance will be made. The bond must be in the form of a traveler's check, a money order, a cashier's check, or an irrevocable letter of credit made **payable to the Department of Justice.** A bond in the form of a cashier's check will be considered paid once the check has been accepted for payment by the financial institution which issued the check.

### WHERE TO SUBMIT CORRESPONDENCE

Except as noted above involving "Petitions for Expedited Release," all other documents must be submitted to the **Drug Enforcement Administration, Office of Domestic Operations, Asset Forfeiture Section, Caller Number 91017, Arlington, VA 22202.** The Asset ID referenced **must** be used when submitting a petition, claim and bond, or other correspondence to the DEA. **Failure to include the asset id may cause a delay in the DEA's action on this matter.**

Z 164 380 810

US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail (See reverse)

| Sent to | |
|---|---|
| Street & Number | |
| Post Office, State, & ZIP Code | |
| Postage | $ |
| Certified Fee | |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | |
| Return Receipt Showing to Whom, Date, & Addressee's Address | |
| TOTAL Postage & Fees | $ |
| Postmark or Date | |

PS Form 3800, April 1995

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Kenneth Hawkins
c/o John Cicilline/Esq.
Law Offices of John Cicilline/Esq.
387 Atwells Avenue
Providence, RI 02909
Z164380810    Asset ID: 00-DEA-374949
(CD)

2. Article Number (Copy from service label)
Z 164 380 810

PS Form 3811, July 1999    Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)   B. Date of Delivery
                                        MAR 23 2000

C. Signature
X Susan Kaestner    ☐ Agent
                   ☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:      ☐ No

3. Service Type
   ☑ Certified Mail      ☐ Express Mail
   ☐ Registered          ☑ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

551
C. Wells
102595-99-M-1789