-2-

_____ Your Petition for Remission or Reconsideration which you submitted in the above-referenced matter is still under consideration. Unfortunately, complications in the investigation of the facts surrounding the seizure has resulted in a delay in deciding this matter. If you have any additional information/documentation to support your petition for reconsideration, you must submit it within **20 days from receipt of this letter**. Otherwise, the decision on your petition or request for reconsideration will be made on your previous submission.

_____ Your petition is **<u>untimely</u>** and cannot be considered because it was received after the Government disposed of the property following its forfeiture. You were informed in the notice of seizure that, to assure its consideration, any petition should be filed within **30** days of receipt of the notice. Further, under 21 C.F.R., Section 1316.80(a), once disposal of the forfeited property occurs, by placing it into official use or by selling it, a petition for remission and/or mitigation can no longer be accepted. Therefore, your petition is being returned. This matter is now **closed** in this office.

All correspondence must reference the DEA asset identifier and case numbers noted above and be addressed to the Drug Enforcement Administration, Office of Domestic Operations, Asset Forfeiture Section, Caller Number 91017, Arlington, Virginia 22202.

Sincerely,

Asset Forfeiture Section
Office of Domestic Operations

**PETITION.ACK (JUNE 99)**          BY: _____LP_____    AD CODE #: ___551__

 

**U. S. Department of Justice**

**Drug Enforcement Administration**

---

Washington, D.C. 20537

SEP 1 8 2000

<u>CERTIFIED MAIL - RETURN RECEIPT REQUESTED</u>

Mr. Kenneth Hawkins
Wyatt Detention Center
950 High Street
Central Falls, RI  02863

Re: DEA Case No.  CD-00-0008
    DEA Asset ID No.  00-DEA-374949
    Property:  One Boston Checking Account #273-34191
               Valued @ $73,483.27

Dear Mr. Hawkins:

    I am writing to you in response to your petition for
remission or mitigation regarding the above-referenced property.
For the reasons discussed below, the petition is denied because
it did not satisfactorily meet the requirements for remission or
mitigation.  See <u>Regulations Governing the Remission or
Mitigation of Civil and Criminal Forfeiture</u>, 28 C.F.R. § 9 <u>et seq</u>
(1998).

    The remission or mitigation of a forfeiture is neither a
right nor a privilege, "but rather is a request for executive
pardon of the property. . . ."  <u>United States v. Vega</u>, 72 F.3d
507, 514 (7th Cir. 1995), <u>cert. denied</u> sub <u>nom</u>. Early v. United
States, 116 S. Ct. 2529 (1996).  See <u>also United States v. Ruth</u>,
65 F.3d 599, 604 n.2 (7th Cir. 1995), <u>cert. denied</u>, 116 S. Ct.
1548 (1996); <u>United States v. Wong</u>, 62 F.3d 1212, 1214 (9th Cir.
1995).  A decision with respect to remission or mitigation of a
forfeiture is committed solely to the discretion of the Attorney
General.  <u>See</u> 21 U.S.C. § 881 (d)(1996); 19 U.S.C. § 1618 (1996).
<u>See also</u> In Re Matter of $67,470.00, 901 F.2d 1540, 1543 (11th
Cir. 1990).

    The Attorney General and the Administrator of the DEA have
delegated the authority to determine the merits of such petitions
to this office.  28 C.F.R. §§ 0.100(b), 0.101(c) (1995); 28
C.F.R. Part O.  This office's decision on your petition is not

GOVERNMENT
EXHIBIT
19

subject to judicial review on its merits.  See United States v. One 1987 Jeep Wrangler Automobile, 972 F.2d 472, 479 (2d Cir. 1992)(a claimant's election to proceed by petition for remission or mitigation binds that claimant to the administrative remedy); Sarit v. U.S. Drug Enforcement Administration, 987 F.2d 10, 17 (1st Cir.), cert. denied, 114 S. Ct. 241 (1993)(the forfeiture statute precludes judicial review); Scarabin v. DEA, 919 F.2d 337, 339 (1990), reh'g denied, 925 F.2d 100 (5th Cir. 1991)(the administrative denial of a petition for remission or mitigation is not subject to judicial review on the merits); Willis v. United States, 787 F.2d 1089, 1094 ("the remission proceeding is a matter of grace. . . ."). See also United States v. One 1976 Porsche 911S, 670 F.2d 810, 812-813 (9th Cir. 1979); United States v. One 1973 Buick Riviera Automobile, 560 F.2d 897, 899 (8th Cir. 1977); United States v. One 1970 Buick Riviera Bearing Serial No. 494870H910774, 463 F.2d 1168, 1170 (5th Cir.), cert. denied, 409 U.S. 980 (1972); Bramble v. Kleindienst, 357 F. Supp. 1028, 1033 (D. Colo. 1973), aff'd sub nom. Bramble v. Richardson, 498 F.2d 968, 970 (10th Cir.), cert. denied, 419 U.S. 1069 (1974).

Once probable cause for the forfeiture is established, the burden shifts to the petitioner to demonstrate that remission or mitigation of forfeiture is warranted.  28 C.F.R. § 9.5 (a)(3). See also United States v. One 1976 Porsche, 670 F.2d 810, 813 (9th Cir. 1979)("In his discretion, the Attorney General may return the property if he finds mitigating circumstances to justify the remission.")  As the Ruling Official, I did not consider whether the evidence was sufficient for forfeiture, but presumed a valid forfeiture.  28 C.F.R. § 9.5 (a)(4).  See Juncaj v. United States, 894 F.Supp. 318, 320 (E.D. Mich. 1995); Reinoso v. Drug Enforcement Administration, No. 93-CIV-1516 (KTD), 1994 U.S. Dist. LEXIS 18054, at *5 (S.D.N.Y. Dec. 19, 1994).  See also United States v. Von Neumann, 474 U.S. 242, 250 (1986)("remission proceedings are not necessary to a forfeiture determination, and therefore are not constitutionally required").  Federal regulations explicitly prohibit remission of a forfeiture unless the petitioner establishes the following:

1.  A valid, good faith, and legally cognizable interest in the seized property as an owner or lienholder; and

2.  Qualification as an "innocent owner" within the meaning of the applicable civil forfeiture statute.

See 28 C.F.R. § 9.5 (a)(1).  The burden of proof lies with the petitioner to demonstrate that each of these requirements has been satisfied.

Investigation has revealed that probable cause exists to believe the seized currency was furnished or intended to be furnished in exchange for a controlled substance, in violation of 21 U.S.C. Section 881(a)(6). <u>United States v. $93,685.61 In U.S. Currency</u>, 730 F.2d 571 (9th Cir. 1984), <u>cert. denied sub nom. Willis v. United States</u>, 469 U.S. 831 (1984); <u>United States v. $2,500 in U.S.Currency</u>, 689 F.2d 10 (2d Cir. 1982), <u>cert</u>. <u>denied</u>, 465 U.S. 1099 (1984).

You have failed to provide sufficient documentation showing a legitimate origin for the forfeited currency. Pursuant to 28 C.F.R. § 9.3(c)(iv), the interest of a petitioner in the property, as owner or otherwise, must be supported by satisfactory documentary evidence, for example, employment records, financial statements, bank statements, or cancelled checks. If you are alleging the forfeited currency to be the proceeds of some transaction, you must then provide credible, verifiable documentation evidencing the transaction, such as bills of sale, contracts, deeds, or mortgages.

Although the petition does not meet the minimum conditions for remission, as a matter of discretion, I re-examined your petition to determine whether extenuating circumstances exist that warrant mitigation of the forfeiture. 28 C.F.R. § 9.5(b). You have failed to adequately demonstrate that any mitigating factors exist to justify any relief from the forfeiture. Further, I reviewed the facts of this case to determine if the forfeiture would be in violation of the U.S. Constitution's Eighth Amendment prohibition against excessive punishments, as discussed in <u>Austin v. United States</u>, 509 U.S. 602 (1993). Please be advised that I determined that the administrative forfeiture was entirely proportional to the offense, considering the substantial connection between the forfeited property and the offense. In addition, the correct forum in which to challenge the constitutionality of the forfeiture is Federal District Court. Since you failed to contest this forfeiture judicially, this option is no longer open to you. <u>United States v. Giraldo</u>, 45 F.3d 509 (1st Cir. 1995).

You may request reconsideration of this decision. 28 C.F.R. § 9.3 (j). Only one request for reconsideration shall be considered. Any request for reconsideration must be based on information or evidence not previously considered that is material to the basis for this denial or presents a basis clearly demonstrating that the denial is erroneous. Requests must be post-marked or received by this office within 10 days of your receipt of this letter.

Further correspondence with this office must include the
Asset ID and case numbers referenced above and be addressed to
the Drug Enforcement Administration, Office of Domestic
Operations, Asset Forfeiture Section, Caller Number 91017,
Arlington, Virginia  22202.

Sincerely,

Richard A. Medema
Senior Attorney
Asset Forfeiture Section

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

Article Sent To:

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Name *(Please Print Clearly)* (to be completed by mailer)

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

7099 3400 0006 4424 2227

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: 3714949 (CD)

Mr. Kenneth Hawkins
Wyatt Detention Center
950 High Street
Central Falls, RI 02863

PAWTUCKET RI 02860
OCT - 2 2000

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by *(Please Print Clearly)*    B. Date of Delivery

C. Signature
X                    ☐ Agent
                     ☐ Addressee

D. Is delivery address different from item 1?    ☐ Yes
   If YES, enter delivery address below:    ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered    ☒ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*    ☐ Yes

2. Article Number *(Copy from service label)*
7099 3400 0006 4424 2227

PS Form 3811, July 1999    Domestic Return Receipt    102595-99-M-1789

GOVERNMENT
EXHIBIT

20

CARDELLS 800-783-6389

01-DEA-388933
CD-00-0008

enclosed:

Please find a copy of (Mr) Kenneth George Hawkins/ Creditor/Secured party to Debtor/ KENNETH HAWKINS/Entity UCC-Filing. As you can see said property on page 2 is pledge as collateral by KENNETH HAWKINS/ENTITY to Kenneth George Hawkins in any or breach of contract, etc. At this time Kenneth George Hawkins/Creditor/Secured party is an innocent 3rd party with regards to KENNETH HAWKINS and any trouble KENNETH HAWKINS may be in. Please return any and all this as soon as possible and any additional information regarding exactly who gave the funds in ... Bank account # 273-34191 from the Bank of Boston to the DEA and who these DEA AGENT were. Also I'll be sending a freedom of information form to this Department soon and I expect it to be COMPLETELY filled out and signed under oath of penalty of perjury.

Sincerely, Kenneth Hawkins
On behalf of
Johnson Hawkins

GOVERNMENT EXHIBIT

21