

**U.S. DEPARTMENT OF JUSTICE
DRUG ENFORCEMENT ADMINISTRATION**

Kenneth Hawkins, Prisoner ID No. 04844070
Donald Wyatt Detention Facility
950 High Street
Central Falls, RI 02863

| | |
|---|---|
| Asset Id: | 01-DEA-388933 |
| Case Number: | CD-00-0008 |
| Property: | $20,000.00 U.S. Currency |
| Asset Value: | $20,000.00 |
| Seizure Date: | 02/08/01 |
| Seizure Place: | Sterling, CT |
| Owner Name: | Hawkins, Kenneth |
| Seized From: | Hawkins, Kenneth |
| Judicial District: | District of Connecticut |

NOTICE MAILING DATE:  April 2, 2001

### NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to Title 21, United States Code (U.S.C.), Section 881, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. You should review the following procedures very carefully.

### TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission (pardon) or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty (30) days of your receipt of this notice. The petition must include proof of your interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

### TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by May 7, 2001. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant.

### WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Office of Domestic Operations, Drug Enforcement Administration, Caller Number 91017, Arlington, Virginia 22202. A PETITION, CLAIM, OR OTHER CORRESPONDENCE WILL BE DEEMED FILED WHEN ACTUALLY RECEIVED BY THE DEA ASSET FORFEITURE SECTION IN ARLINGTON, VIRGINIA. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED. The Asset Id referenced above should be used with all submissions. Failure to include the Asset ID may cause a delay in processing your submission(s).

551



U. S. Department of Justice

Drug Enforcement Administration

Washington, D.C. 20537

SEP 1 8 2000

**CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

Mr. Kenneth Hawkins
Wyatt Detention Center
950 High Street
Central Falls, RI  02863

Re: DEA Case No.  CD-00-0008
    DEA Asset ID No.  00-DEA-374949
    Property:  One Boston Checking Account #273-34191
               Valued @ $73,483.27

Dear Mr. Hawkins:

   I am writing to you in response to your petition for remission or mitigation regarding the above-referenced property. For the reasons discussed below, the petition is denied because it did not satisfactorily meet the requirements for remission or mitigation. See Regulations Governing the Remission or Mitigation of Civil and Criminal Forfeiture, 28 C.F.R. § 9 et seq (1998).

   The remission or mitigation of a forfeiture is neither a right nor a privilege, "but rather is a request for executive pardon of the property. . . ." United States v. Vega, 72 F.3d 507, 514 (7th Cir. 1995), cert. denied sub nom. Early v. United States, 116 S. Ct. 2529 (1996). See also United States v. Ruth, 65 F.3d 599, 604 n.2 (7th Cir. 1995), cert. denied. 116 S. Ct. 1548 (1996); United States v. Wong, 62 F.3d 1212, 1214 (9th Cir. 1995). A decision with respect to remission or mitigation of a forfeiture is committed solely to the discretion of the Attorney General. See 21 U.S.C. § 881 (d)(1996); 19 U.S.C. § 1618 (1996). See also In Re Matter of $67,470.00, 901 F.2d 1540, 1543 (11th Cir. 1990).

   The Attorney General and the Administrator of the DEA have delegated the authority to determine the merits of such petitions to this office. 28 C.F.R. §§ 0.100(b), 0.101(c) (1995); 28 C.F.R. Part 0. This office's decision on your petition is not

subject to judicial review on its merits. See United States v. One 1987 Jeep Wrangler Automobile, 972 F.2d 472, 479 (2d Cir. 1992)(a claimant's election to proceed by petition for remission or mitigation binds that claimant to the administrative remedy); Sarit v. U.S. Drug Enforcement Administration, 987 F.2d 10, 17 (1st Cir.), cert. denied, 114 S. Ct. 241 (1993)(the forfeiture statute precludes judicial review); Scarabin v. DEA, 919 F.2d 337, 339 (1990), reh'g denied, 925 F.2d 100 (5th Cir. 1991)(the administrative denial of a petition for remission or mitigation is not subject to judicial review on the merits); Willis v. United States, 787 F.2d 1089, 1094 ("the remission proceeding is a matter of grace. . . ."). See also United States v. One 1976 Porsche 911S, 670 F.2d 810, 812-813 (9th Cir. 1979); United States v. One 1973 Buick Riviera Automobile, 560 F.2d 897, 899 (8th Cir. 1977); United States v. One 1970 Buick Riviera Bearing Serial No. 494870H910774, 463 F.2d 1168, 1170 (5th Cir.), cert. denied, 409 U.S. 980 (1972); Bramble v. Kleindienst, 357 F. Supp. 1028, 1033 (D. Colo. 1973), aff'd sub nom. Bramble v. Richardson, 498 F.2d 968, 970 (10th Cir.), cert. denied, 419 U.S. 1069 (1974).

Once probable cause for the forfeiture is established, the burden shifts to the petitioner to demonstrate that remission or mitigation of forfeiture is warranted. 28 C.F.R. § 9.5 (a)(3). See also United States v. One 1976 Porsche, 670 F.2d 810, 813 (9th Cir. 1979)("In his discretion, the Attorney General may return the property if he finds mitigating circumstances to justify the remission.") As the Ruling Official, I did not consider whether the evidence was sufficient for forfeiture, but presumed a valid forfeiture. 28 C.F.R. § 9.5 (a)(4). See Juncaj v. United States, 894 F.Supp. 318, 320 (E.D. Mich. 1995); Reinoso v. Drug Enforcement Administration, No. 93-CIV-1516 (KTD), 1994 U.S. Dist. LEXIS 18054, at *5 (S.D.N.Y. Dec. 19, 1994). See also United States v. Von Neumann, 474 U.S. 242, 250 (1986)("remission proceedings are not necessary to a forfeiture determination, and therefore are not constitutionally required"). Federal regulations explicitly prohibit remission of a forfeiture unless the petitioner establishes the following:

1. A valid, good faith, and legally cognizable interest in the seized property as an owner or lienholder; and

2. Qualification as an "innocent owner" within the meaning of the applicable civil forfeiture statute.

See 28 C.F.R. § 9.5 (a)(1). The burden of proof lies with the petitioner to demonstrate that each of these requirements has been satisfied.

Investigation has revealed that probable cause exists to believe the seized currency was furnished or intended to be furnished in exchange for a controlled substance, in violation of 21 U.S.C. Section 881(a)(6). United States v. $93,685.61 In U.S. Currency, 730 F.2d 571 (9th Cir. 1984), cert. denied sub nom. Willis v. United States, 469 U.S. 831 (1984); United States v. $2,500 in U.S.Currency, 689 F.2d 10 (2d Cir. 1982), cert. denied, 465 U.S. 1099 (1984).

You have failed to provide sufficient documentation showing a legitimate origin for the forfeited currency. Pursuant to 28 C.F.R. § 9.3(c)(iv), the interest of a petitioner in the property, as owner or otherwise, must be supported by satisfactory documentary evidence, for example, employment records, financial statements, bank statements, or cancelled checks. If you are alleging the forfeited currency to be the proceeds of some transaction, you must then provide credible, verifiable documentation evidencing the transaction, such as bills of sale, contracts, deeds, or mortgages.

Although the petition does not meet the minimum conditions for remission, as a matter of discretion, I re-examined your petition to determine whether extenuating circumstances exist that warrant mitigation of the forfeiture. 28 C.F.R. § 9.5(b). You have failed to adequately demonstrate that any mitigating factors exist to justify any relief from the forfeiture. Further, I reviewed the facts of this case to determine if the forfeiture would be in violation of the U.S. Constitution's Eighth Amendment prohibition against excessive punishments, as discussed in Austin v. United States, 509 U.S. 602 (1993). Please be advised that I determined that the administrative forfeiture was entirely proportional to the offense, considering the substantial connection between the forfeited property and the offense. In addition, the correct forum in which to challenge the constitutionality of the forfeiture is Federal District Court. Since you failed to contest this forfeiture judicially, this option is no longer open to you. United States v. Giraldo, 45 F.3d 509 (1st Cir. 1995).

You may request reconsideration of this decision. 28 C.F.R. § 9.3 (j). Only one request for reconsideration shall be considered. Any request for reconsideration must be based on information or evidence not previously considered that is material to the basis for this denial or presents a basis clearly demonstrating that the denial is erroneous. Requests must be post-marked or received by this office within 10 days of your receipt of this letter.

Further correspondence with this office must include the Asset ID and case numbers referenced above and be addressed to the Drug Enforcement Administration, Office of Domestic Operations, Asset Forfeiture Section, Caller Number 91017, Arlington, Virginia 22202.

Sincerely,

Richard A. Medema
Senior Attorney
Asset Forfeiture Section

This UCC-3 CHANGE STATEMENT is presented for filing pursuant to the WASHINGTON UNIFORM COMMERCIAL CODE, chapter 62A.9 RCW, Crop Lien filings, chapter 60.11 and Processor and Preparer Liens chapter 60.13 RCW.    PLEASE TYPE OR PRINT CLEARLY IN DARK INK

*state seal on the back*

1. DEBTOR(S) (see instruction #2)
   ☒ PERSONAL (last, first, middle name and address)
   ☐ BUSINESS (legal business name and address)

   KENNETH GEORGE HAWKINS
   56 RIVERSIDE AVENUE
   JOHNSTON, RHODE ISLAND 02919
   ** or any variation thereof **
   SSN: 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

2. FOR OFFICE USE ONLY — DO NOT WRITE IN THIS BOX

   FILED
   00 NOV -3 P...
   PAID 12⁹⁴ +30⁰⁰ (1.00)
   DEPT OF LICENSING WA

   2000-308-0103

   TRADE NAME, DBA, AKA:

3. SECURED PARTY(IES) (name and address)

   Kenneth George Hawkins
   56 Riverside Avenue
   Johnston, Rhode Island 02919

4. ASSIGNEE(S) of SECURED PARTY(IES) if applicable (name and address)

5. This change statement affects the original filing statement recorded with the Department of Licensing. List one number and date only.
   Original filing number  2000-278-0026      Date  October 4  2000

6. FEES: A filing fee is required for each action checked in box 7, except termination which requires no fee.
   Secured party contact person: Kenneth George Hawkins      Phone:

7. Please check one or more of the following actions:
   ☐ CONTINUATION. The original financing statement between the Debtor(s) and Secured Party(ies), bearing file number shown in box 5, is still effective.
   ☐ FULL ASSIGNMENT. All of the Secured Party's rights under the financing statement bearing file number shown in box 5 have been assigned to the Assignee(s) whose name(s) and address(es) appear in box 4.
   ☐ PARTIAL ASSIGNMENT. The Secured Party's rights under the financing statement bearing file number shown in box 5, to the property described in box 8, have been assigned to the Assignee(s) whose name(s) and address(es) appear in box 4.
   ☒ AMENDMENT. Financing statement bearing file number shown in box 5 is amended as set forth in box 8.
   ☐ PARTIAL RELEASE. Secured Party releases the collateral described in box 8 from the financing statement bearing file number shown in box 5.
   ☐ TERMINATION. Secured Party(ies) no longer claims a security interest under the financing statement bearing file number shown in box 5.

8. DESCRIPTION of partial assignment, amendment or partial release: (Attach additional 8-1/2" x 11" sheet(s) if needed.)

9. DEBTOR NAME(S) AND SIGNATURE(S): SSN: 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

   KENNETH GEUERGE HAWKINS
   TYPE NAME(S) OF DEBTOR(S) AS IT APPEARS IN BOX 1.

   *KENNETH GEORGE HAWKINS*
   SIGNATURE(S) OF DEBTOR(S)

   SIGNATURE(S) OF DEBTOR(S)

10. SECURED PARTY NAME(S) AND SIGNATURE(S)
    Employer ID No. 035389024
    Kenneth George Hawkins
    TYPE NAME(S) OF SECURED PARTY(IES) AS IT APPEARS IN BOX 3 OR 4.

    *Kenneth George Hawkins*
    SIGNATURE(S) OF SECURED PARTY(IES)

    SIGNATURE(S) OF SECURED PARTY(IES)

11. RETURN ACKNOWLEDGMENT COPY TO:

    Kenneth George Hawkins
    c/o 56 Riverside Avenue
    Johnston, Rhode Island  02919

12. FILE WITH:
    UNIFORM COMMERCIAL CODE
    DEPARTMENT OF LICENSING
    P.O. BOX 9660
    OLYMPIA, WA 98507-9660
    (360) 753-2523
    MAKE CHECKS PAYABLE TO THE
    DEPARTMENT OF LICENSING

13. FOR OFFICE USE ONLY
    Images To Be Filmed  32/68
    FORM APPROVED FOR USE IN THE
    STATE OF WASHINGTON (R/11/99)

UCC-740-003 UCC-3 CHANGE STMT. (R/11/99) MW Page 3 of 3

7

The DEBTORS, TRANSMITTING UTILITIES, are herewith entered in the Commercial Registry, and the following property is herewith registered in the Commercial Registry.

* Bank of Boston, checking account #273-34191 (Kenneth George Hawkins dba; New England Contract Crushing.) value- $73483.27   2000-308-0103

* Indictment- UNITED STATES OF AMERICA    CRIMINAL No. 3:00 CR 75(AWT)
                          .V.
             KENNETH HAWKINS

* One Hewitt Robbins Model J3048 Portable Crushing Plant SN 2055880 value-$225,000.00

* One Caterpillar 988-B wheel loader with enclosed Rops Cab and spade nose bucket with teeth  SN 50W-06140. Value $100,000.00

* Two envelopes with $10,000.00 each a total of $20,000.00 file No. CD-00-0008 value $20,000.00

* One safe containing $82,820.00 file No. CD-00-0008/M3-000112 value $82,820.00

* One 1990 CJ-7 Jeep VIN 122060

* Notice of Default and Stipulation and non-response copy certification by Document Custodian sent to Michael J. Gustafson.

* Notice of Default and Stipulation and non-response copy certification by Document Custodian sent to Stephen C. Robinson.

* Notice of Default and Stipulation and non-response copy certification by Document Custodian sent to Peter D. Markle.


*\* Corrected page 8 of Security Agreement.*

All property is accepted for value and is exempt from levy. All proceeds Products, Accounts, Fixtures, and the orders therefrom are released to the DEBTORS, "Security Agreement" Form SA 091200 Dated September 12, 2000 is accepted for value, exempt from levy, and herewith registered in the Commercial Registry Adjustment of this filing is from House Joint Resolution 192 of June 5", 1933, and Uniform Commercial Code 1-104 hereafter designation of DEBTORS herewith entered in the Commercial Registry.

UNITED STATES DEPARTMENT OF JUSTICE
DRUG ENFORCEMENT ADMINISTRATION

2000-308-0103

UNITED STATES OF AMERICA,
Plaintiff,

VS.

CASE No. CO-00-0008
ASSET ID No. 00-DEA-375088

ONE HEWITT ROBBINS MODEL J3048
PORTABLE CRUSHING PLANT
Defendant.

### VERIFIED CLAIM OF OWNERSHIP

Claimant Kenneth Hawkins, hereby claims that he is the lawful and true owner of One Hewitt Robbins Model J3048 Portable Crushing Plant.

*Kenneth Hawkins*

Date: May 8, 2000

[Handwritten annotation across top of page:] Accepted for value and sworn on the undersigned's commercial liability as certified, true, correct and complete, with all related endorsements front and back, in accordance with Uniform Commercial Code 3-419 and House Joint Resolution of June 5, 1933, (prepaid, exemption from levy) Kenneth George Hawkins, Kenneth George Hawkins. Date: October 3, 2000

3



U. S. Department of Justice

Drug Enforcement Administration

2000-308-0103

Mr. Kenneth Hawkins
Wyatt Dentention Center
950 High Street
Central Falls, RI  02863

Asset ID: 00-DEA-374949    Case #: CD-00-0008
Asset Description: BankBoston, Checking Account #273-34191
Acct/Ser No: 273-34191
Seizure Date: 02/07/00    Seizure Value: $73483.27
Seizure Place: Providence, RI
Owner Name: New England Contract Crushing
Seized From: New England Contract Crushing
Judicial District: District of Rhode Island

Date:
             August 1, 2000

Dear Petitioner:

Your Petition for Remission and/or Mitigation of forfeiture or Petition for Reconsideration for the above-referenced seizure has been received by this office. The following information is provided:

   X   Your Petition for Remission and/or Mitigation will be ruled on administratively by this office. Before any decision can be made, an investigation and review of your petition must be conducted. This process will take a minimum of 120 days before a decision can be rendered. Please be assured that all petitions are handled on a "first-in, first-out" basis.

       This seizure was referred to the United States Attorney for the above-noted judicial district for judicial forfeiture proceedings. Therefore, your petition was forwarded to that office for handling. We request that all further inquiries concerning this seizure be directed to the United States Attorney's office in the above-noted judicial district.

       Your Petition for Reconsideration will be ruled on administratively by this office. Before any decision can be made, an investigation and review of your reconsideration must be conducted. Please be assured that all reconsiderations are handled on a "first-in, first-out" basis and will be ruled on as soon as possible.

4

-2-   2000-308-0103

____ Your Petition for Remission or Reconsideration which you submitted in the above-referenced matter is still under consideration. Unfortunately, complications in the investigation of the facts surrounding the seizure has resulted in a delay in deciding this matter. If you have any additional information/documentation to support your petition for reconsideration, you must submit it within **20 days from receipt of this letter**. Otherwise, the decision on your petition or request for reconsideration will be made on your previous submission.

____ Your petition is **untimely** and cannot be considered because it was received after the Government disposed of the property following its forfeiture. You were informed in the notice of seizure that, to assure its consideration, any petition should be filed within 30 days of receipt of the notice. Further, under 21 C.F.R., Section 1316.80(a), once disposal of the forfeited property occurs, by placing it into official use or by selling it, a petition for remission and/or mitigation can no longer be accepted. Therefore, your petition is being returned. This matter is now **closed** in this office.

All correspondence must reference the DEA asset identifier and case numbers noted above and be addressed to the Drug Enforcement Administration, Office of Domestic Operations, Asset Forfeiture Section, Caller Number 91017, Arlington, Virginia 22202.

Sincerely,

*[signature]*

Asset Forfeiture Section
Office of Domestic Operations

PETITION.ACK (JUNE 99)          BY ___LP___   AD CODE #: __551__



U. S. Department of Justice

Drug Enforcement Administration

2000-308-0103

**CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

Kenneth Hawkins
Wyatt Dentention Center
950 High Street
Central Falls, RI 02863

Asset ID: 00-DEA-375088   Case #: CD-00-0008
Asset Description: One Hewitt Robbins Model J3048 Portable Crushing Plant
Serial Number: 2055880
Seizure Date: 02/10/00    Seizure Value: $225000.00
Seizure Place: Killingly, CT
Owner Name: Kenneth Hawkins
Seized From: Kenneth Hawkins
Judicial District: District of Connecticut

DATE: June 14, 2000

Dear Mr. Hawkins:

Your claim for the above-referenced property has been received; however it is **defective** and is being **returned** for the following reason(s):

\_X\_ Claim was received without bond or affidavit of indigency.

\_\_\_ Affidavit of indigency or cost bond received without a claim.

\_\_\_ Bond is in an insufficient amount - (Bond is: $ _____ ).

\_\_\_ Bond is not in the form of a cashier's check or certified funds made payable to the U.S. Department of Justice.

\_\_\_ Claim must be executed and sworn to by the person alleging interest in the property or documentation must be submitted authorizing an attorney to sign on behalf of that person.

\_\_\_ Affidavit of indigency was not sworn to by claimant.

-2-

2000-008-0103

___ Affidavit of indigency is not adequately supported. Please remit cost bond in the amount of $_____. The bond must be in the form of a cashier's check or certified funds made payable to the U.S. Department of Justice or approved sureties.

Please note that you are hereby granted **20 days** from receipt of this letter to institute any challenge you may choose to make the denial of your request to have the cost bond waived and to proceed in forma pauperis.

**X** Other defect(s): **Please complete the enclosed IFP in its entirety.**

As a matter of discretion, we will allow you **20 days** from receipt of this letter to cure any deficiencies noted above. **All correspondence should reference the DEA asset identifier and case numbers noted above** and be addressed to the Drug Enforcement Administration, Office of Domestic Operations, Asset Forfeiture Section, Caller Number 91017, Arlington, Virginia 22202.

Sincerely,

*Jcomi Calhin*

Asset Forfeiture Section
Office of Domestic Operations

CLAIM.DEFECT.LTR (JUNE 99)         BY: __AW__    AD CODE #: __563__

7



**AGT MACHINERY, LLC**
*Construction Equipment*

71 Fall River Avenue
Rehoboth, MA 02769
Tel. (508) 336-6900
Fax (508) 336-3150

2000-308-0103

SOLD TO: Kenneth Hawkins         x                    DATE October 15, 1999

Johnston, Rhode Island

SHIPPED TO:

| QUANTITY | DESCRIPTION | AMOUNT |
|---|---|---|
| 1(One) | Caterpillar 988-B Wheel Loader with enclosed ROPS cab and spade nose bucket with teeth<br><br>SN# 50W-06140 | |
| | Price | $100,000.00 |
| | Down Payment | 40,000.00 |
| | Balance Due | 60,000.00 |

*[Handwritten notations along left margin, partially illegible:]* Accepted for resolution ... sworn on the ... published speakers ... commercial litigation liability ... with all Federal exemption joint ... in accordance with ... Commercial Code § 3-419(3) pre-paid bills ... (2) and complete from Commercial Code § 5-1823 ... true, correct, endorsed signatures ... Date: October 2, 2000 ... Kenneth George Hawkins

8