IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

KENNETH HAWKINS,

        Petitioner,

-v-                                  Case Number(s) 3:00CR75

                                                    3:05CV1186

UNITED STATES OF AMERICA,

        Respondent,                  **SECOND MOTION FOR LEAVE TO AMEND 28 U.S.C. § 2255 MOTION TO VACATE SET-ASIDE OR CORRECT SENTENCE**

    In November of 2005, Petitioner filed a Motion For Return Of Property in this Court. The government finally responded to this Motion on March 14, 2006, objecting in granting the Petitioners request for the return of his property in question($73,483.27 the DEA seized from the BankBoston).

    The governments thrust in objecting to the Return Of Property Motion filed by Petitioner is that, the Petitioner was afforded the proper opportunity to object to the forfeiture and attempted to obtain the return of the subject funds but losted. But nonetheless, the governments response pin points to a fact that may result in Petitioners Plea-Agreement falling and being void, since this written plea agreement specifically does not utter a single word of the $73,483.27, the DEA seized from the Petitioners BankBoston Account.

When the Petitioner entered into his guilty plea, he was under the presumption that the DEA would not move to forfeit his BankBoston account. Since this money can be verify as legal money. The following was the agreement between the Petitioner and the government.

> The defendant further agrees not to oppose the criminal, civil and administrative forfeiture of property owned or possessed by him, which property was used to facilitate his drug trafficking. This agreement encompasses all of the things of value that heretofore have been seized from the defendant, including the cash that was seized from his residence, 706 Margaret Henry Road, Sterling, Connecticut, the 1979 Peterbilt tractor bearing serial number 099856, the Caterpillar Model 988B bearing serial number 50W06140, and the portable crushing plant bearing serial number 2055880.

The Petitioner entered his guilty plea believing that his BankBoston account would not be moved on based on the abovemention agreement since as previously mentioned the written agreement doesn't utter a single word of forfeiting Petitioners BankBoston Account. Ambiguous written plea-agreement are interpreted against the government. **SANTOBELLO V. NEW YORK,** 404 U.S. 257(1971). The Petitioners presumption before entering into his guilty plea with the government, was that the DEA nor any other government official would move to forfeit his BankBoston account, since it was not made from any illegal activities or drug profits which could be verify by the Petitioner.

It is the canon of statutory construction that the inclusion of certain provions implies the exclusion of others. The doctrine <u>inclusio unius est exclusia alterius</u> informs the court to exclude from operation those items not included in a list of elements that are given affect expressly by the statutory language. **IN RE TMI,** 67 F.3d. 1119(quoting **WILLIAMS V. WOHLEGEMUTH,** 540 F. 2d. 163; **UNITED STATES V. MCQUILKIN,** 78 F. 3d. 105.

Therefore, accordingly, the Petitioner asserts here that he would have never entered into a guilty plea with the government if he new that the Government was going to move to forfeit his BankBoston Account. Therefore, the plea-agreement herein must be null and voided on grounds that the Petitioner entered into the plea-agreement unknowingly, unintelligently and involuntarily and by mistake, since the Petitioner could have not read the United States Attorneys mind as what was not listed on the written plea-agreement was construed to be.

Based on the aforemention, the Petitioner respectfully request for Leave To Amend his current 2255 Motion pending in this Honorable Court with this issue as justice so requires. **SANDERS V. UNITED STATES,** 10 L. Ed. 2d. 148(1963).

Respectfully Submitted

_____
Kenneth Hawkins-Pro-Se
Reg#04844-070-Dorm-210
Duluth Federal Prison Camp
P.O. Box 1000
Duluth MN 55814

Executed On This 23rd Day Of March 2006

CERTIFICATE OF SERVICE

I, Kenneth Hawkins hereby certify under the penalty of perjury that on the last date given below, I deposited a true and correct copy of my SECOND MOTION FOR LEAVE TO AMEND in the Duluth Federal Prison Camps legal mail system with first class postage affixed to insure its proper delivery to:

Assistant United States Attorneys Office
For The United States District Court
Of Connecticut
450 Main Street
Hartford Connecticut 06103

Executed On This 23rd Day Of March 2006

_____
Kenneth Hawkins

-3-