```
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF CONNECTICUT

KENNETH HAWKINS              :      CRIMINAL NO. 3:00CR75(AWT)
     Petitioner              :      CIVIL NO.    3:05CV1186(AWT)
        v.                   :
                             :
UNITED STATES OF AMERICA     :      April 6, 2006
     Respondent
```

## GOVERNMENT'S OBJECTION TO PETITIONER'S MOTION FOR RETURN OF PROPERTY AND ATTEMPT TO AMEND § 2255 CLAIM

The United States objects to the petitioner's Motion to Amend his § 2255 (Doc. # 296, filed April 3, 2006), which Mr. Hawkins ("Hawkins") has filed in response to the Government's objection to his motion for return of property.

### The Motion for Return of Property Should Be Denied

Because the administrative forfeiture of Hawkins' bank account fully comports with due process requirements, *see* Government's Objection (Doc. # 294), the court can deny the Motion for Return of Property.  The chronology outlined in the Government's recent filing conclusively demonstrates that by September 18, 2000, Hawkins was fully informed that the subject bank account had been forfeited administratively.  *See* affidavit of John Cipriani, ¶ 4(m) and ex. 19.  Hawkins' April 3, 2005 filing (Doc. # 296), moreover, tacitly concedes that the subject bank account was administratively forfeited in proper manner for he does not identify any procedural irregularities.  Accordingly, his challenge to the administrative forfeiture and claim for a return of the forfeited property must be denied.

**The Court Should Deny the Motion to Amend the § 2255 Claim**

Hawkins' recent attempt to amend his § 2255 motion – and have his guilty plea vacated on the grounds that it was unknowingly and involuntarily entered – is procedurally barred. It is well settled that a § 2255 motion may not relitigate issues that were raised and considered on direct appeal. *See Riascos-Prado v. United States*, 66 F.3d 30, 33 (2d Cir. 1995). It is equally established that § 2255 petitioners are barred from raising claims that were not raised on direct appeal unless they can show cause for the omission and prejudice resulting therefrom. *See Femia v. United States*, 47 F. 3d 519, 524 (2d Cir. 1995).

Here, Hawkins argued on appeal that the Government breached the plea agreement; specifically, with respect to the calculation of the sentencing guidelines. *See United States v. Hawkins*, 87 Fed. Appx. 200, 204 (2d Cir. 2004) ("The government breached neither the letter nor the spirit of the plea agreement.") Accordingly, the court should decline to address the merits of this claim. Alternatively, although Hawkins did not specifically argue on appeal that the plea agreement was breached by a failure to return forfeited property, he certainly could have done so. Simply put, the facts now before this court were plainly in existence at the time Hawkins prosecuted his appeal.

If, in fact, Hawkins believed the government had breached

-2-

the plea deal, this would have been apparent long before he filed the instant motion for return of property.  The subject funds were formally forfeited as of September 2000.  *See* affidavit of John Cipriani, ¶ 4(m) and exs. 19 & 20.  Hawkins pleaded guilty approximately five months later, on February 9, 2001.[1]  At Hawkins' change of plea hearing, the AUSA outlined the terms of the agreement, but made no mention of an agreement to "unforfeit" $73,483.27.  Nor did Hawkins – always a strong self-advocate – mention the issue.  The plea agreement, moreover, noted that there were no other promises or understandings between the parties, and Hawkins acknowledged as much.  Thereafter, on March 2, 2001, Hawkins sought to withdraw his guilty plea, and the court convened a hearing on March 13, 2001, at which point Hawkins withdrew the motion – again without any mention of his expectation that certain property would be returned.  Then, at a hearing on June 27, 2001, Hawkins formally renewed his motion to withdraw his guilty plea.  The court convened a hearing on July 23, 2001, but at no point did Hawkins utter a word about a alleged breach of the deal.  Hawkins' correspondence with the DEA's administrative forfeiture representatives is similarly silent as to any expectation or agreement relative to the return of the subject property.  *See* affidavit of John Cipriani, ¶¶ 4(n)

---

[1] The Government inadvertently referred to the guilty plea date as February 9, 2002 in its submission of March 14, 2006. (Doc. #294)

and 4(o); exs. 21 and 22. The government respectfully submits that the record is silent on this issue because there was never any agreement to return the duly forfeited bank account. Significantly, Hawkins offers no explanation for his glaring failure to raise the issue in either his motion to withdraw his guilty plea or his appeal.

**Conclusion**

Based on the foregoing, the Court should deny the motion for return of property and, moreover, deny the motion to amend the § 2255 claim.

                                Respectfully submitted,

                                KEVIN J. O'CONNOR
                                UNITED STATES ATTORNEY

                                MICHAEL J. GUSTAFSON
                                ASSISTANT UNITED STATES ATTORNEY
                                FEDERAL BAR #ct01503
                                157 CHURCH STREET
                                NEW HAVEN, CT 06510

CERTIFICATION

I hereby certify that a true copy of the foregoing was mailed, postage prepaid, this    day of April, 2006, to:

Kenneth Hawkins
Reg # 04844-070
Dorm 210
Duluth Federal Prison Camp
PO Box 1000
Duluth, MN 55814

                                _____
                                MICHAEL J. GUSTAFSON
                                ASSISTANT UNITED STATES ATTORNEY