IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

KENNETH HAWKINS,

    Petitioner,

-v-

UNITED STATES OF AMERICA,

    Respondent,

PETITIONERS RESPONSE TO GOVERNMENTS
OBJECTIONS TO PETITIONERS MOTION TO
AMEND § 2255 PETITION

· · · · · · · · · · · · · · · · · · · ·

## INTRODUCTION

  The government objects to Petitioners ["Hawkins"] motion to amend. The governments claim is two-fold, (i) That Hawkins amendment is procedurally barred, since claims not raised on direct appeal cannot be raised in a § 2255 section and that (ii) Hawkins waived his right to challenge the governments breach of plea-agreement, since on appeal he argued that the government breached there plea-agreement with respect to the calculation of the sentencing guidelines and had ample time to argue on appeal that the government breached there plea-agreement on the money issue raise on his amendment, but didn't. This response follows:

I.              **MOTION TO AMEND IS NOT PROCEDURALLY BARRED**

In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. **UNITED STATES V. FRADY,** 456 U.S. 152, 167-68; **UNITED STATES V. MAYBECK,** 23 F. 3d. 888, 891. The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel. To establish prejudice the movant must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage. **FRADY** at 152, 170.

Acknowledging his failure to argue the governments breach of plea-agreement based on the forfeiture of his bank account contents of $73,483.27, Hawkins contends that he can establish cause to excuse his procedural default based on ineffective assistance of counsel.

To establish, cause for his default based upon ineffective assistance of counsel, Hawkins must show that his attorneys performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. **MURRAY,** 477 U.S. at 488; **STRICKLAND V. WASHINGTON,** 466 U.S. 668.

It is undisputed here that Hawkins direct appeal was not final till 2004. Governments Opposition Motion At Page 2. And that Hawkins attorney argued a breach of plea-agreement on the calculation of the sentencing guidelines not the breach of plea-agreement that Hawkins has raised in his Motion To Amend. Id. Nor is it disputed that the subject funds in question here were forfeited some time in September 2000, way before Hawkins Appellate counsel filed the direct appeal. Gov. Opp. Motion At Page 3. Thus, it is safe to say that Hawkins Appellate counsel was well aware or should have been aware of the governments breach of plea-agreement that prevented the government from moving to forfeit the $73,483.27, that Hawkins had in his BankBoston Checking Account No. 273-34191. But failed to argue or raise this meritorious issue.

It is axiomatic that appellate counsels must engage in a process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail. **SMITH V. MURRAY,** 477 U.S. 527, 536(1985)(quoting **JONES,** 463 U.S. at 751-52.) The weeding out of weak claims to be raised on appeal "is the hallmark of effective advocacy." **TAPIA V. TANSY,** 926 F. 2d. 1554. It has been held that an appellate advocate may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," even though counsel may have presented strong but unsuccessful claims on appeal. **PAGE V. UNITED STATES,** 884 F. 2d. 300, 302. In **WAINWRIGHT,** 811 F. 2nd. 1439, the Eleventh Circuit held that a dead-banger winner can be considered "obvious on the record, and must have leaped out upon even a casual reading of the transcripts."

In this instant, Mr. Hawkins will demonstrate that his appellate counsel was ineffective for failing to raise or argue the issue that the government breached there plea-agreement by forfeiting the $73,483,27 in the BankBoston Checking Account No. 273-34191, even though the government specifically agreed in Hawkins plea-agreement that such funds would not be administratively forfeited. Hence, proving cause and prejudice which should permit Hawkins to proceed on with his Amendment Motion and this court to address the merits of Hawkins Amended Motion. **FRADY,** 456 U.S. 152.

A plea-agreement is governed by the law of contracts. **SANTOBELLO V. NEW YORK,** 404 U.S. 257, 262. Plea-agreements are governed by contract principles and the government must be held to literal terms and must bear responsibility for any lack of clarity. **UNITED STATES V. PHILLIPS,** 174 F. 3d.1074. Like in a contract, a plea-agreement must be fully and accurately disclosed in good-faith so as the parties entering the plea-agreement/contract can knowingly, voluntarily and intelligently enter int the contract/agreement with "eyes opened." **MCCARTHY V. UNITED STATES,** 394 U.S. 459, 464-65(1969).

Petitioner Hawkins written plea-agreements reads as follows:

> The defendant further agrees not to oppose the criminal, civil and administrative forfeiture of property owned or possesses by him, which property was used to facilitate his drug trafficking, or which property was drug proceeds... including the cash that was seized from his residence, 706 Margaret Henry Road, Sterling Connecticut, the 1979 Peterbilt tractor bearing serial 099856, the Caterpillar Model 988B bearing serial number 50W06140, and the portable crushing plant bearing serial number 2055880.

Please See Change Of Plea Transcripts February 9, 2001, Page 14; And Plea Letter Of February 9, 2002.

During the change of plea hearing held on February 9, 2001, the court expressly stated:

> "At this time I'm going to ask the prosecutor to outline the terms"
> of the plea-agreement." Change Of Plea Transcripts Page 13.

The government then specifically and expressly outlined the list of specific items and property, which were only to be forfeited by the government.

> "Cash that was seized from his residence, 706 Margaret Road, Sterling"
> Connecticut, the 1979 Peterbilt tractor bearing serial 099856, the Caterpillar Model 988B bearing serial number 50W06140, and the portable crushing plant bearing serial number 2055880. Change Of Plea Transcripts Page 14.

Upon the government finishing their recital of the items and property which were only to be forfeited, along with the terms of the plea-agreement the Court stated:

> "Mr. Hawkins, does this written agreement as outlined by the Assistant"
> United States Attorney <u>fully and accurately</u> reflect your understanding of the agreement that you have entered into with the government. Change Of Plea Transcripts Page 16.

Mr. Hawkins, satisfied with the governments agreement stated "Yes Sir" at that time since Hawkins expressly agreed to the terms, property and items specifically and expressly mentioned and listed by the Assistant United States Attorney. Change Of Plea Transcripts Page 16.

Mr. Hawkins here clearly entered into a guilty plea and written plea-agreement with the government with the understanding and agreement that the government will solely forfeit the items expressly listed in the written plea-agreement. **UNITED STATES V. DADDINO,** 5 F. 3d. 262. Hence, in reality as previously mentioned Mr. Hawkins entered into his plea-agreement in "good faith" with the understanding that the only items to be forfeited were those specifically and expressly mentioned and listed by the Assistant United States Attorney of which <u>fully and accurately reflected Hawkins understanding of the agreement which Hawkins was about to enter with the government.</u> This agreement did not utter or mention a single word of forfeiting the $73,483.27 in the BankBoston Account No. 273-34191, which were not obtained by any drug profits or any illegal activity as proven by Mr. Hawkins by his exhibits submitted on his Motion For Return Of Property. Please See Attached Exhibit A For Easy Reference.

The government was fully aware of the items and property that they were permitted to forfeit by there own agreement, but nonetheless, the government purposefully moved to breach there plea-agreement entered by Mr. Hawkins and the government and proceeded with the steps necessary to administratively forfeit Hawkins $73,483.27 that were in the BankBoston Account No. 273-34191, after the government specifically agreed only to forfeit certain items and property which the $73,483.27 were not mentioned.[1]

Therefore, it is apparent that the government breached there written plea-agreement by forfeiting property that was not agreed on the written plea-agreement by neither party. This issue is meritorious, and should have been brought forward by Hawkins appellate counsel, since it would have resulted in Hawkins being permitted to withdraw his guilty plea which he is hereby requesting, since Mr. Hawkins guilty plea cannot be held to be knowingly, voluntarily and intelligently made since Mr. Hawkins believe upon entering and signing the written plea agreement that the government would not move to forfeit his $73,483.27 in the BankBoston Account No. 273-34191.

---

1. Even though Mr. Hawkins challenged the forfeiture of his BankBoston Account with negative results, it does not legally correct the governments breach of plea-agreement.

In light of the aforemention, Mr. Hawkins believes that he has established cause and prejudice to hurdle the **FRADY** prongs, in the matter of his Appellate counsel being ineffective for failing to raise the governments breach of plea-agreement in the Appellate arena. And that this ineffectiveness worked to Hawkins actual and substantial disadvantage by Hawkins not receiving the concessions the government promised him prior to Hawkins entering into a guilty plea, specifically, as mentioned previously the $73,483.27 in the BankBoston Account No. 273-34191, that the government promised not to forfeit but actually did.

Thus, the only relief here possible is that Mr. Hawkins be permitted to amend his Motion Pursuant To 28 U.S.C. § 2255, and for this Honorable Court to address the merits of Hawkins claim thereof.

Respectfully Submitted

Kenneth Hawkins-Pro-Se
Reg#04844-070-Dorm-210
Duluth Federal Prison Camp
P.O. Box 1000
Duluth MN 55814

Executed On This 15th Day Of April 2006

CERTIFICATE OF SERVICE

I, Kenneth Hawkins, hereby certify under the penalty of perjury, that on the last date given below, I deposited a true and correct copy of my RESPONSE TO THE GOVERNMENTS OBJECTIONS TO MOTION TO AMEND, in the Duluth Federal Prison Camps legal mail system with first class postage affixed to insure its proper delivery to:

>Michael J. Gustafson
>Assistant U.S. Attorney
>Federal Bar #ct01503
>157 Church Street
>New Haven, CT 06510

Executed On This 15th Day Of April 2006

*Kenneth Hawkins*

1    page 2?

2             THE DEFENDANT: No, I don't.

3             THE COURT: At this time then I'm going to ask
4    the prosecutor to outline the terms of the plea agreement.
5    When she is finished, I will ask you whether the agreement
6    as outlined by the prosecutor reflects your understanding
7    of the agreement that you've entered into with the
8    government.

9             MS. GIFFORD: Thank you, Your Honor.

10            The plea agreement provides as follows:

11            First, that the defendant agrees to plead guilty
12   to count one of a three-count second superseding indictment.
13   Under that count, the defendant is charged with knowingly
14   and intentionally conspiring to possess with intent to
15   distribute and to distribute 100-kilograms or more of
16   marijuana in violation of Title 21 United States Code
17   Sections 846 and 841. In return for his guilty plea, the
18   United States agrees to dismiss counts two and three of the
19   second superseding indictment as they pertain to the
20   defendant and that we will move to dismiss those at the time
21   of sentencing.

22            The plea agreement sets forth the maximum
23   penalties for this offense as previously reviewed in this
24   court and it also provides that the defendant agrees not to
25   oppose any criminal, civil or administrative forfeiture of

1   property owned or possessed by him which was used to
2   facilitate his drug trafficking activities or which property
3   was drug proceeds.  This agreement specifically lists
4   certain property that the defendant does not dispute falls
5   into this category, including money that is cash that was
6   seized from his residence at 706 Margaret Henry Road in
7   Sterling, Connecticut, a 1979 Peterbilt tractor bearing
8   serial number 099856, a Caterpillar Model 988B bearing
9   serial number 50W06140, and a portable crushing plant
10  bearing serial number 2055880.
11          The plea agreement provides also that the
12  defendant understands that the Sentencing Guidelines apply
13  in this case.
14          Under the plea agreement, the government agrees to
15  recommend that the Court reduce by three levels the
16  defendant's adjusted offense level under Section 3E1.1 of
17  the Sentencing Guidelines.  The government, however, will
18  not make this recommendation if the defendant engages in any
19  acts which, one, indicate that he has not terminated or
20  withdrawn from criminal conduct, two, could provide a basis
21  for an adjustment for obstructing or impeding the
22  administration of justice or, three, constitute a violation
23  of any condition of release.  And of course that third one
24  does not apply.
25          Under the plea agreement there is a guideline

1   stipulation through which the government and the defendant
2   stipulate and agree that the offense and all relevant
3   conduct involve more than 100-kilograms of marijuana but
4   less than 400 kilograms. Defendant understands that the
5   Court, however, does not have to accept this recommendation
6   or this stipulation.
7   Under the plea agreement the government expressly
8   reserves its right to address the Court with respect to an
9   appropriate sentence to be imposed in this case and to
10  provide the Court with all information regarding the
11  defendant's background and character.
12  The plea agreement provides general information
13  regarding the defendant's waiver of his trial rights and
14  consequences of his plea as this Court has already reviewed
15  with him.
16  Under the plea agreement the defendant
17  acknowledges that he is entering into this agreement and is
18  pleading guilty freely and voluntarily without threat or
19  coercion because he is guilty.
20  Defendant understands that this is the only
21  agreement that is controlling his plea today and there are
22  no other agreements.
23  Defendant understands that there are collateral
24  consequences which this Court has already reviewed with him
25  as a result of his plea and that if the defendant's guilty

1   plea is accepted by the Court, his plea will satisfy the
2   federal criminal liability of the defendant in this district
3   as a result of his conduct which forms the basis of the
4   indictment in this case.
5           And that in summary form, Your Honor, is the plea
6   agreement.
7           THE COURT:  Thank you.
8           Mr. Hawkins, does this written agreement as
9   outlined by the Assistant United States Attorney fully and
10  accurately reflect your understanding of the agreement that
11  you have entered into with the government?
12          THE DEFENDANT:  Yes, sir.
13          THE COURT:  Other than the promises contained in
14  the written agreement, has anyone made any promises that
15  are causing you to plead guilty?
16          THE DEFENDANT:  No, sir.
17          THE COURT:  Has anyone made any threats against
18  you or is anyone in any way forcing or otherwise coercing
19  you to plead guilty?
20          THE DEFENDANT:  No, sir.
21          THE COURT:  Thank you.
22          In that case I will ask the courtroom deputy to
23  file the plea agreement.
24          At this time time, Mr. Hawkins, I want to review
25  for you the maximum sentence that could be imposed in your