IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

KENNETH HAWKINS,

        Petitioner,

-V-

                                          Criminal No. 3:00CR75(AWT)

                                          Civil No.   3:05CV1186(AWT)

UNITED STATES OF AMERICA,

        Respondent,

                                          **MOTION FOR JUDGMENT**

........................

**INTRODUCTION**

    Petitioner Kenneth Hawkins ("Petitioner" or "Hawkins") filed a Motion To Vacate, Set Aside Or Correct His Sentence Pursuant To 18 U.S.C. § 2255 in this court on February 2, 2005.[Doc #'s 268 and 269]. Hawkins than supplemented his motion with a filing on July 25, 2005.[Doc # 271].

    Hawkins raised four(4) issues in his proceedings, with the thrust of the issues being that (i) The "United States District Court" which sentenced Hawkins lacked jurisdiction over his case, specifically:

(Issue 3)

    The United States Attorney agreed in its response that "District Court Of The United States" shall have original jurisdiction (18 U.S.C. § 3231) and <u>expressly not</u> the "United States District Court" (28 U.S.C. § 1331). Therefore, unless the government can prove that Mr. Hawkins and or his co-defendants either (a) possessed marijuana, (b) intended to distribute marijuana, (c) did distribute marijuana or conspired with one another to do one or more of the above acts within the federal areas and or federal properties located within the "United States District Courts" <u>limited</u> territorial jurisdiction and furthermore prove by a "letter of acceptance"(by way of 40 U.S.C. § 255) or other similar documentary evidence that the particular land in question in which the alleged act had taken place or were to take place were in fact under exclusive or concurrent federal jurisdiction, otherwise the "United States District Courts" judgment must be voided for lack of jurisdiction.

(Issue 4)

Hawkins avers that the plea-agreement in which he had initially entered into with the United States government on February 9, 2001 was entered into unknowingly, involuntarily, intelligently and in mistake and must be void due to the fact that the court failed to inform him of <u>all the</u> essential elements of the charge for which he was about to plead and of which the government must prove beyond a reasonable doubt in order to sustain a conviction. Specifically, the court failed to inform Mr. Hawkins of the "<u>jurisdictional element</u>" of the offense he was pleading guilty. In another words if Mr. Hawkins would have been informed by the court that the government must prove that at least one of the conspirators committed an overt act in furtherance of the conspiracy charge within territorial jurisdiction[federal territory] Hawkins would have never pleaded guilty but would have requested a trial.

**A.   RIPENESS**

In this instant case, Hawkins believes that his case is ripe for adjudication and hereby requests that his motion pursuant to 28 U.S.C. § 2255 pending in this court since February 2, 2005 to be adjudicated on its merits.

The ripeness doctrine functions to prevent federal courts through avoidance of premature adjudication, **ABBOTT LABORATORIES V. GARDNER,** 387 U.S. 136, 148 87 S. Ct. 1507. Hawkins as previously mentioned filed his motion for relief on February 2, 2005, supplementing it with a filing on July 25, 2005, the government after numerous extensions of time reply on February 24, 2006, wherein Hawkins rebuttal the governments response on March 24, 2006. Therefore, all parties have had adequate opportunity to present their sides of the story, issues and disputes. An adjudication of this case will not be premature. This case is ripe for adjudication and is hereby requested and warranted.

Based, on the court records, files and the aforementioned, the Petitioner requests an adjudication of his Motion For Relief and or any other relief this court deems appropriate and just.

Respectfully Submitted

*/s/ Kenneth Hawkins*
Kenneth Hawkins-Pro-Se
Reg#04844-070-Dorm-210
Duluth Federal Prison Camp
P.O. Box 1000
Duluth MN 55814

Executed On This 15th Day Of May 2006

CERTIFICATE OF SERVICE

I, Kenneth Hawkins, hereby certify under the penalty of perjury that on the last date given below, I deposited a true and correct copy of my MOTION FOR JUDGMENT in the Duluth Federal Prison Camps Legal Mail system with first class postage affixed to insure its proper delivery to:

> Michael J. Gustafson
> Assistant United States Attorney
> 157 Church Street
> New Haven, CT 06510

Executed On This 15th Day Of May 2006

*/s/ Kenneth Hawkins*