UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| KENNETH HAWKINS,<br><br>　　　　Petitioner,<br><br>　　　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | Criminal No. 3:00CR00075 (AWT) |

## RULING ON MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

Kenneth Hawkins (the "Petitioner"), proceeding pro se, has filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or otherwise correct his sentence. For the reasons set forth below, an evidentiary hearing is not required and the motion is being denied.

### I. Background

The Petitioner was arrested on March 16, 2000 pursuant to a federal criminal complaint charging him with threatening witnesses in violation of 18 U.S.C. § 1513 (b) (2). A grand jury sitting in the District of Connecticut returned an indictment against the Petitioner on April 11, 2000, charging him with conspiracy to distribute marijuana, in violation of 21 U.S.C. §§ 841 (a) (1), 841 (b) (1) (B) (vii) and 846, and with threatening witnesses, in violation of 18 U.S.C. § 1513 (b) (2).

On February 4, 2000, a United States magistrate judge issued a federal seizure warrant authorizing the Drug Enforcement Administration (the "DEA") to seize the Petitioner's BankBoston checking account pursuant to 21 U.S.C. § 881. The DEA seized the funds in the

account, $73,483.27, on February 7, 2005. After finding that the DEA field office had supplied adequate information to support administrative forfeiture proceedings, the DEA accepted the case for administrative forfeiture.

To apprise the Petitioner of the forfeiture proceeding and provide him an opportunity to make a claim, the DEA sent him certified letters and published notices, pursuant to 19 U.S.C. § 1607. On March 21, 2000, the DEA sent written notice of the seizure via certified mail to BankBoston, the Petitioner's residence, his attorney, and his business pursuant to 19 U.S.C. § 1607 (a). Unidentified individuals signed for the letters on March 28, 2000 and March 29, 2000. In addition, notice of seizure of the funds in the account was published in The Wall Street Journal, a newspaper widely circulated in the Petitioner's home district, the District of Rhode Island, pursuant to 19 U.S.C. § 1607 (a) and 21 C.F.R. § 1316.75. The notice was published on April 3, 10, and 17, 2000. The notice explained the option of filing a claim and cost bond (or an affidavit of indigency in lieu of the cost bond) with the DEA Forfeiture Counsel in order to contest the forfeiture action in United States District Court or filing a petition for remission or mitigation with the DEA. The deadline to file a claim was April 23, 2000, twenty days after the first publication in The Wall Street Journal.

On May 17, 2000, the DEA received from the Petitioner a claim and request to proceed in forma pauperis, which the DEA rejected on June 12, 2005 as untimely. Pursuant to 19 U.S.C. § 1609, the DEA forfeited the funds in the BankBoston account on May 18, 2000 because the DEA had not received a properly executed claim before the deadline and it had found probable cause sufficient to support forfeiture. A certified letter, sent on June 12, 2000 and received on June 20, 2000, notified the Petitioner of the rejection and of his right to submit a remission or mitigation request within 20 days of receipt of the letter. The DEA received a petition for

2

remission or mitigation from the Petitioner on July, 11, 2000. On August 1, 2000, the DEA acknowledged receipt of the petition in a letter to the Petitioner. On September 18, 2000, the DEA denied the petition for remission or mitigation. The DEA sent a certified letter, which was received on October 2, 2000, informing the Petitioner of the decision and of the option to file a request for reconsideration within ten days of receipt of the letter. The DEA did not receive a timely request for reconsideration.

On December 27, 2000, a superseding indictment was issued naming as defendants the Petitioner and Jose Aguirre. Count One charged the Petitioner with participating in a conspiracy to possess with intent to distribute, and to distribute, 100 kilograms or more of marijuana from September 1998 to November 1999, in violation of 21 U.S.C. §§ 841 and 846. Count Two charged the Petitioner and Aguirre with participating in a second conspiracy to possess with intent to distribute, and to distribute, 100 kilograms or more of marijuana from August 1999 to February 2000, in violation of 21 U.S.C. §§ 841 and 846. Count Three charged the Petitioner with threatening witnesses, in violation of 18 U.S.C. § 1513 (b) (2).

Following jury selection on February 9, 2001, the Petitioner entered a plea of guilty as to Count One. On March 2, 2001, the Petitioner moved to withdraw his guilty plea but withdrew the motion on March 13, 2001. The Petitioner reinstated his motion to withdraw his guilty plea on July 18, 2000, and the court conducted a hearing and denied the motion on July 23, 2001. Two days later, the court sentenced the Petitioner to a term of 170 months of incarceration to be followed by a ten-year term of supervised release. The Petitioner filed a notice of appeal on the same day.

On appeal, the Petitioner, who was represented by counsel, argued that: (1) the district court should have conducted a hearing sua sponte to determine his competency to represent

himself and plead guilty; (2) he did not voluntarily, knowingly, and intelligently waive his right to counsel at his plea hearing; (3) there was insufficient evidence to support the district court's finding that the Petitioner was an organizer in the conspiracy; (4) he did not obstruct justice; and (5) he was entitled to credit for acceptance of responsibility. The Second Circuit denied the appeal on February 3, 2004. United States v. Aguirre, 87 F. App'x 200 (2d Cir. 2004).

The Petitioner filed the instant motion to vacate, set aside or otherwise correct his sentence pursuant to 18 U.S.C. § 2255 on February 2, 2005 and has amended his motion twice. At this time, the Petitioner claims that he is entitled to relief pursuant to Section 2255 because (1) the district court lacked jurisdiction; (2) he unknowingly entered a guilty plea because he was not informed of an essential element of the crime to which he pled guilty; and (3) his plea agreement is null and void because he did not agree to the forfeiture of his account at BankBoston.[1]

## II. Legal Standard

There are four grounds upon which a federal prisoner may successfully move to vacate or set aside a conviction and sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. Hill v. United States, 368 U.S. 424, 426-27 (1962) (citing 28 U.S.C. § 2255). Section 2255 does not provide a remedy for "all claimed errors in conviction and

---

[1] Issue No. 1 was raised in the original motion (Doc. No. 268 at 15). Issue No. 2 was raised in the Petitioner's first motion to amend (Doc. No. 271). Issue No. 3 was raised in the Petitioner's second motion to amend (Doc. No. 296). The Petitioner also raised two Apprendi-related claims in the original motion (Doc. No. 268 at 5, 10) but withdrew those issues in his reply brief (Doc. No. 295 at 2).

sentencing." United Stated v. Addonizio, 442 U.S. 178, 185 (1979). Rather, it is intended to redress only "fundamental defect[s]" which result in a miscarriage of justice and "omission[s] inconsistent with the rudimentary demands of fair procedure." Hill, 368 U.S. at 428. "[A]n error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." United States v. Frady, 456 U.S. 152, 165 (1982) (internal quotation marks and citation omitted).

Absent an applicable exception, "habeas petitioners . . . cannot assert claims they failed to raise at trial or on direct appeal unless they can show 'cause' for the default and 'prejudice' resulting from it." Ciak v. United States, 59 F.3d 296, 302 (2d Cir. 1995) (citing Wainwright v. Sykes, 433 U.S. 72, 87 (1977)), abrogated on other grounds by Mickens v. Taylor, 535 U.S. 162 (2002); see also Campino v. United States, 968 F.2d 187, 190 (2d Cir. 1992) (failure to raise constitutional issue on direct appeal is itself a default of normal appellate procedures, which can be overcome only by showing cause and prejudice). "[J]urisdictional defects cannot be waived and are not subject to procedural default." Sapia v. United States, 433 F.3d 212, 216 (2d Cir. 2005) (internal quotation marks and citation omitted).

Section 2255 provides that the district court should grant a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255 (2005). This language "does not strip the district courts of all discretion to exercise their common sense." Machibroda v. United States, 368 U.S. 487, 495 (1962). To be entitled to a hearing, "[t]he petitioner must set forth specific facts which he is in a position to establish by competent evidence." Dalli v. United States, 491 F.2d 758, 761 (2d Cir. 1974). A Section 2255 motion may be dismissed without a hearing if, after a review of the record, the court determines that the motion is without merit because the allegations are insufficient as a

matter of law. <u>Johnson v. Fogg</u>, 653 F.2d 750, 753 (2d Cir. 1981). In making its determination regarding the necessity of a hearing, the district court may draw upon its personal knowledge and recollection of the case. See <u>United States v. Aiello</u>, 900 F.2d 528, 534 (2d Cir. 1990); <u>Machibroda</u>, 368 U.S. at 495.

### III. Discussion

The Petitioner contends that he is entitled to relief pursuant to Section 2255 because (1) the sentencing court lacked jurisdiction; (2) he was not informed of all the elements of the crime at the time he pled guilty; and (3) the plea agreement is null and void because he did not agree to the forfeiture of his account at BankBoston. While the Petitioner's first claim is not one that could be procedurally barred, the second and third are subject to the cause and prejudice standard. Because the <u>pro se</u> Petitioner claims that he failed to raise the third issue on direct appeal due to ineffective assistance of appellate counsel but did not provide a reason for failing to raise the second issue on direct appeal, the court will assume the Petitioner intends to raise the ineffective assistance claim on the second issue as well. The Petitioner is not procedurally barred from challenging the effectiveness of his appellate counsel because proof of ineffective appellate counsel will serve as cause for the omission on direct appeal. See <u>McGrath v. United States</u>, 60 F.3d 1005, 1006 (2d Cir. 1995).

### A. Jurisdictional Claim

The Petitioner contends that the district court lacked jurisdiction over the case in which he was charged with violations of 21 U.S.C. §§ 841 and 846. It is settled that district courts have original jurisdiction over all criminal matters arising under the laws of the United States, see 18 U.S.C. § 3231 (2000) (stating that district courts "have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States"), and specifically over

6

drug cases, see Sapia v. United States, 433 F.3d 212, 217 (2d Cir. 2005) ("a federal district court plainly possesses subject-matter jurisdiction over drug cases") (quoting Prou v. United States, 199 F.3d 37, 45 (1st Cir. 1999)). By way of background, the court notes that the Constitution vests the judicial power of the United States in one Supreme Court and inferior, congressionally-established courts. U.S. Const. art. III, § 1. This judicial power extends to "all Cases, in Law and Equity, arising under [the] Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority[.]" U.S. Const. art. III, § 2. Furthermore, Congress has authority under the Commerce Clause to enact criminal laws such as 21 U.S.C. §§ 841 and 846. See United States v. Ekinci, 101 F.3d 838, 844 (2d Cir. 1996) (noting that Congress has stated that trafficking in controlled substances affects interstate commerce) (citing 21 U.S.C. § 801 (3), (4), and (6)). Thus, the judicial power of the district court, which Congress established pursuant to the Constitution, extends to 21 U.S.C. §§ 841 and 846, the statutes upon which the Petitioner was convicted.

### B. Claim of Ineffective Assistance of Appellate Counsel

To prove ineffective assistance of appellate counsel, the Petitioner "must show that his attorney's performance 'fell below an objective standard of reasonableness' and that there is a 'reasonable probability' that but for counsel's error, the outcome would have been different." Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994) (quoting Strickland v. Washington, 466 U.S. 668, 668, 694 (1984); see also Abdurrahman v. Henderson, 897 F.2d 71, 74 (2d Cir. 1990) (noting that Strickland test is applicable to claims of ineffective assistance of trial or appellate counsel). To establish that appellate counsel's failure to raise a claim on direct appeal constitutes ineffective assistance, the Petitioner must show that counsel omitted a non-frivolous claim that was "significant and obvious " while choosing to pursue much weaker claims. Mayo, 13 F.3d at 533. The Second Circuit has established a balancing test under which a non-frivolous

claim is "significant and obvious" when the omitted claim is clearly stronger than those raised on appeal. Id. For the reasons set forth below, the Petitioner's second and third claims not only lack merit but are frivolous.

### 1. Claim that the Petitioner Was Not Properly Advised of the Elements of the Offense at the Time He Pled Guilty

The Petitioner argues that the district court "failed to inform the defendant of the necessary territorial and extra-territorial jurisdictional nexus/elements" that must be proven. (Amend. to Pet'r's § 2255 Mot. (Doc. No. 271 at 5).) Section 846 provides: "Any person who attempts or conspires to commit any offense defined in this subchapter" is punishable by imprisonment or fine or both. 21 U.S.C. § 846 (1998). Section 841 prohibits, inter alia, possession of a controlled substance with intent to distribute and distribution of a controlled substance. 21 U.S.C. § 841 (1998). These statutes do not contain a jurisdictional element.

The Petitioner relies on United States v. Baker, 609 F.2d 134 (5th Cir. 1980), a case involving defendants who were apprehended on a vessel outside the three-mile territorial jurisdiction of the United States but within the twelve-mile "customs waters." In holding that the defendants could be prosecuted under 21 U.S.C. § 841, the court in Baker explained that

> [t]he statute under which defendants were convicted is designed to preclude the distribution of controlled substances within the United States. The district court did not specifically instruct the jury that distribution within the territorial United States is an element of the crime. An instruction as to the place of intended distribution is unnecessary where possession is found within the United States.

Id. at 139 (emphasis added). Thus, Baker dealt with defendants who were apprehended outside of the United States, and the fact that the defendants intended to distribute contraband in the United States was only relevant insofar as it supplied a jurisdictional nexus that might have otherwise been lacking. See United States v. Muench, 694 F.2d 28, 33 (2d Cir. 1982)

8

(discussing the extraterritorial jurisdiction in <u>Baker</u> and <u>United States v. Hayes</u>, 653 F.2d 8 (1st Cir. 1981)).

This case does not involve extraterritorial jurisdiction. The Petitioner was arrested within the territorial United States, and the government charged that he possessed marijuana in Texas, Arizona, Connecticut and parts of the United States in between. In addition, the Petitioner admitted to each of the requisite elements of the offense: (1) that two or more persons entered into the conspiracy or agreement to unlawfully possess 100 kilograms or more of marijuana with the intent to distribute it; and (2) that the defendant knew the purposes of the conspiracy or agreement and, during the course of the conspiracy or agreement, deliberately joined it with the intent of furthering its unlawful objectives. (Plea Agreement Letter at 1-2 (Doc. No. 146).) This frivolous claim is neither significant and obvious, nor stronger than those which appellate counsel did raise.

### 2. Claim that Plea Agreement Is Invalid

The Petitioner asserts that he would not have entered a guilty plea had he known that the government would move to forfeit his account at BankBoston. This claim is frivolous because it is inconsistent with the undisputed facts. The DEA apprised the Petitioner of the forfeiture proceedings by certified mail on March 28, 2000. After the Petitioner failed to submit a timely claim, the DEA administratively forfeited his bank account on May 18, 2000. The Petitioner then filed a request for remission or mitigation with the DEA on July 11, 2000, which was denied on September 18, 2000. The Petitioner was notified of the denial by October 2, 2000. The Petitioner entered into his plea agreement on February 9, 2001. Thus, the Petitioner was aware that the government had already finalized the civil forfeiture of his account at BankBoston several months prior to the time he entered into the plea agreement. Because this

fact undermines the Petitioner's entire argument, appellate counsel cannot be faulted for failing to raise this frivolous claim.

* * * *

The Petitioner can not show ineffective assistance of appellate counsel and thus he fails to establish cause, a prerequisite for raising a claim in a habeas petition that was not raised on direct appeal. Because the Petitioner can not establish cause for the omission of the second and third issues on direct appeal, the court need not address the requirement of prejudice.

### III. Conclusion

For the reasons set forth above, the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. Nos. 268, 271, and 296) is hereby DENIED.

Because the Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. <u>See</u> 28 U.S.C. § 2253 (c) (2) (2006).

It is so ordered.

Dated this 14th day of July, 2006, at Hartford, Connecticut.

                                        Alvin W. Thompson
                                        United States District Judge