IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

KENNETH HAWKINS,

        Petitioner,

-V-

                                          Criminal No. 3:00CR00075(AWT)

UNITED STATES OF AMERICA,

        Respondent,

                    . . . . . . . . . . . . . . . . . . . . . .

### MOTION FOR LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS

    NOW INTO COURT, Comes Kenneth Hawkins, the Petitioner appearing through Pro-Se representation and respectfully requests and moves this Honorable Court for leave to proceed on appeal through in forma pauperis from the judgment entered on July 14, 2006, without prepayment of costs and fees, and without giving security therefore.

    An Affidavit in Support of this Motion to Proceed on Appeal in Forma Pauperis is attached hereto and made part of this motion by reference herein.

                                                        Respectfully Submitted

                                                        Kenneth Hawkins-Pro-Se
                                                        Reg#04844-070-Dorm-210
                                                        Duluth Federal Prison Camp
                                                        P.O. Box 1000
                                                        Duluth MN 55814

Executed On This 24Th Day Of August 2006

**CERTIFICATE OF APPEALABILITY**

Under 28 U.S.C. § 2253(3), "A Certificate Of Appealability(COA) may be issued only upon the 'substantial showing of the denial of a constitutional right.' " **SLACK,** 529 U.S. at 483(quoting section 2253(c). The Petitioner must show "that reasonable jurist could debate whether... the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Id. at 484(quoting **BAREFOOT V. ESTELLE,** 463 U.S. 880.

Here, Mr. Hawkins believes his Sixth Amendment Constitutional rights were infringed by him being sentenced by a court that lacked jurisdiction to impose such sentence. Appellate attorney's failure to raise these serious issues up in their appropriate court stages. Therefore, Mr. Hawkins believes that the issues raised herein warrant a certificate of appealability, wherein reasonable jurists would have debated whether the issues could have been resolved in a different manner, or that the issues, are adequate to deserve encouragement to proceed further.

**A.  FACTUAL BACKGROUND AND PRIOR PROCEEDINGS**

A grand jury sitting in the District of Connecticut returned an indictment against the Petitioner on April 11, 2000, charging him with conspiracy to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vii) and with threatening witnesses, in violation of 18 U.S.C. § 1513(b)(2). On February 9, 2001, the Petitioner entered a plea of guilty as to conspiracy to possess with intent to distribute 100 kilograms or more of marijuana. On July 25, 2001, the court sentenced Petitioner to a term of 170 months of incarceration to be followed by a ten-year term of supervise release. Petitioner, filed a timely notice of appeal. Unfortunately, on February 3, 2004, the Second Circuit denied Petitioner's appeal on February 3, 2004. **UNITED STATES V. AGUIRRE,** 87 APPX 200(2nd. Cir. 2004).

First-  The court was without jurisdiction to impose the sentence.

    Here, Petitioner contends the United States District Court exceeded it's authority conferred by Congress by operating as a "district court of the United States" expressly required, and mandated under 18 U.S.C. § 3231.

    Here, this Petitioner will demonstrate with United States Supreme Court case law, the fact that "United States District Courts" are not Article III judicial courts expressly "ordained and established" by Congress under Article III of the United States Constitution, but are in fact "mere" administrative, legislative, territorial courts created by Congress under Articles I and IV of that instrument and therefore, are strictly limited(geographically) to those areas and controversies arising under Article 1, section 8, clause 17 and Article 4, section 3, clause 2 respectively.

Second- Petitioner contends his rights secured under the Sixth Amendment were violated.

    The Sixth Amendment mandates, <u>inter alia</u>, "...which district shall have been previously ascertained by law..."

    Here this, Petitioner contends the term "district" is referring to the territorial composition" of the particular court in question,(in this case the United States District Court for the District of Connecticut).

    Furthermore, Petitioner contends that the locus in quo(place in question) must be located within the courts "territorial composition." Moreover, unless and until the government can prove with a "Letter of Acceptance" or other similiar document(in accord with 40 U.S.C. § 255 now 40 U.S.C. §§ 3111, 3112) that the lands in which the alleged "overt acts" had taken place have in fact been ceded to the United States government, no such jurisdiction exists. <u>ADAMS V. UNITED STATES</u>, 319 U.S. 312(1943) to wit:

> "No jurisdiction existed in United States to enforce federal criminal laws unless and until consent to accept jurisdiction over lands acquired by the United States had been filed in behalf of the United States as provided in said section and fact that state had authorized government to accept jurisdiction was immaterial" <u>ADAMS SUPRA</u>

Third- Here Petitioner contends that Appellate counsel was ineffective for failing to raise the aforementioned issues on Direct Appeal, thereby violating Petitioner's right to (effective) assistance of counsel mandated under the Sixth Amendment.

ISSUE- 1   THE COURT WAS WITHOUT JURISDICTION TO IMPOSE THE SENTENCE

Petitioner contends both the governments and the Courts reliance upon 18 U.S.C. § 3231 as its source of jurisdiction is misapplied.

The United States District Court stated in its denial order that; "It is settled that the district courts have original jurisdiction over all criminal matters arising under the laws of the United States "quoting" 18 U.S.C. § 3231(2000)("stating that district courts have original jurisdiction, exclusive of the courts of the states, of all offense against the laws of the United States").

Petitioner notes the court fails to recite the statute correctly. 18 U.S.C. § 3231 states;

> "The district court of the United States shall have original jurisdiction exclusive of the courts of the states of all offenses against the laws of the United States."

As can be seen in the language of the statute in question, 18 U.S.C. § 3231 expressly states, "<u>The district court of the United States</u> shall have original jurisdiction," <u>not</u> the "<u>United States District Court</u>" as both the goverment and the court contend in their response and order to this Petitioner's § 2255.

First, this Petitioner notes, the sole function of the court and all federal courts is to enforce the law according to statute.

> "The federal courts are sworn to abide by the dictates of the federal law and may not bypass explicit Congressional intent."
>
> <u>COMMINETTI V. UNITED STATES</u>, 242 U.S 470

Second, statutes conferring <u>original jurisdiction</u> on federal district courts must be strictly construed. 5 U.S.C.§ 552 (a)(4)(B).

As noted above; 18 U.S.C. §3231 states; <u>"the district court of the United States shall have original jurisdiction."</u> <u>not</u> the United States District Courts, shall have original jurisdiction!

The Constitution grants to Congress power to create courts by exercising 3 different powers.

Article 1 - The Congress shall have power to constitutes tribunals inferior to the Supreme Court. Art 1, sec 8, cl 9. U.S. Const.

Article 3 - The judicial power of the United States shall be vested in one Supreme court and such inferior courts as the Congress may from time to time ordain and establish. Art III, sec 1, cl 1. U.S. Const.

Article 4 - The Congress shall have power to dispose of and make all needful rules and regulations respecting the territory and property belonging to the United States. Art IV, sec 3, cl 2. U.S. Const.

Such a distinction between the different courts has been settled by the United States Supreme Court on numerous occasions, including such cases as; <u>BALZAC V. PORTO RICO</u>, 258 U.S. 298(1922); <u>MOOKINI V. UNITED STATES</u>, 303 U.S. 201(1938); and <u>AMERICAN INS CO. V. CANTER</u>, 1 Pet 511, 7 L. Ed. 242(1828); making it clear that a "district court of the United States" describes a court created under Article III, while a "United States District Court' describes administrative legislative, and territorial courts, created under Article I and IV of the United States Constitution. to wit;

> "The United States District Court is not a true United States Court established under Article III of the Constitution to administer the <u>judicial power</u> of the United States, therein conveyed. It is created by virtue of the sovereign congressional faculty, granted under Article 4(section) 3, of the instrument of making all needful rules and regulations respecting, the territory belonging to the United States. The resemblance of its jurisdiction to that of a true United States courts in offering an opportunity to non-residences of resorting to a tribunal not subject to local influence, <u>does not change its character as a 'mere' territorial court</u>." <u>BALZAC SUPRA</u>

In <u>MOOKINI SUPRA</u>, the court held;

"The term "District Court of the United States," as used in the rules, without an addition expressing a wider connatation, has its historic significance. It describes the constitutional courts created under Article III of the Constitution. Courts, of the territories are legislative courts, properly speaking and are not District Courts of the United States. We have often held that vesting a territorial court [United States District Court] with jurisdiction similar to that vested in the District Courts of the United States does not make it a "District Court of the United States." quoting <u>REYNOLDS V. UNITED STATES</u>, 98 U.S. 145.

In the <u>AMERICAN INS. CO. V. CANTER SUPRA</u>, the United States Supreme Court held:

> "These courts are not the constitutional courts[Article III] in which the judicial power conferred by the Constitution on the general government can be deposited. They are incapable of receiving it. The legislative courts created in virtue of the general right of sovereignty, which exists in the government, or in virtue of that clause, which enable Congress to make all needful rules and regulations respecting the territory belonging to the U.S. <u>The jurisdiction which is vested is not part of the judicial power which is defined in Article III, but is conferred by Congress in the execution of those general powers which that body possesses over the territories of the U.S.</u>

In <u>EASTERN METALS CORPORATION V. MARTIN SUPRA</u>, 191 F. Supp. 245(1960) the court quoting the United States Supreme Court holding that;

> "A United States District Court is an inferior court, i.e., inferior to the United States Supreme Court. <u>The District Court is a tribunal created by Congress under the power given to Congress by Article 1, section 8, clause 9,</u> of the United States Constitution, which provides that Congress shall have power 'to constitute tribunals inferior to the Supreme Court." <u>ROMERO V. INTER NATIONAL TERMINAL OPERATING COMPANY</u>, 358 U.S. 354, 79 S. Ct. 468, 3 L. Ed. 368 (1959). The creation and composition of the United States District Court is presently, set forth in 28 U.S.C. § 132. <u>A United States District Court has only such jurisdiction as the Congress confers upon the court.</u>"

Therefore, it should be quite clear from the aforemention cases; <u>BALZAC, MOOKINI, AMERICAN INS CO.</u> and <u>EASTERN METALS, Supra</u>, that the term; "District Court of the United States" refer to those courts created under Article III, while the term; "United States District Court" refer to those legislative,(administrative) territorial courts created by Congress under the power given to Congress by the United States Constitution, which enables Congress to make all needful rules and regulations respecting the territory and property, belonging to the "United States" listed under Article 1, section 8, clause 17 and Article IV, section 3, clause 2. to wit;

Article 1, section 8, clause 17, U.S. Constitution:

<u>"To exercise exclusive[or concurrent] legislation in all cases whatsoever, over such district (not exceeding ten miles square), as may, by cession of particular states and the Acceptance of Congress, become the seat of the government of the United States, and to exercise like authority over all places purchased by the consent of the legislature of the state in which the same shall be for the erection of Forts, Magazines, Arsenals, Dock-Yards and other needful buildings."</u>

And; Article IV, section 3, clause 2 of the U.S. Constitution; to wit;

<u>"The Congress shall have power to dispose of and make all needful rules and regulations respecting the territory or other property belonging to the United States; and nothing in this Constitution shall be so construed as to prejudice any claims of the United States, or of any particular [50] State."</u>

Petitioner further notes, it should be quite clear to the court that the "territorial composition" of the United States District Court is strictly limited(geographically)<u>to those "federal areas" located within</u> the (50) states and elsewhere, only. Such area include; Washington D.C., Puerto Rico, U.S. Virgin Islands, Guam, U.S. national parks, U.S. Post Offices, U.S. Military Bases, U.S. Courthouses, etc. etc.,

Perhap's Justice O'Connor said it best when she stated;

> "Article IV section 3, cl 1 and section 4 in conjunction with 10th Amendment <u>are Constitutional limitations on federal power that should be judicially enforce by the federal courts.</u>"
>
> <u>GEORGE V. ASHCROFT</u>, 452, 463

Petitioner notices that the court in its order attempts to imply that Congress has granted the "United States District Court for the District of Connecticut" with Article III judicial power by stating the following;

> "By way of background, the court notes that the Constitution vests judicial power of the United States in one Supreme Court and inferiors, congressionally established courts"

First, it must be clarified that Article III, section 1, clause 1, actually states the following:

> "The judicial power of the United States shall be vested in one Supreme Court, and in such inferior courts as the Congress may from time to time ordain and establish..."

Petitioner notes: The key phrase here is; "... and in such inferior courts as the Congress may from time to time <u>ordain and establish</u>," obviously, this means that Congress is not mandated to "ordain and establish" every inferior court with Article III judicial power. Furthermore, it has long been settled that a "United States District Court" is not a district court of the United States, "ordained and established under Article III as previously noted in <u>BALZAC</u>, <u>MOOKIN</u>, <u>AMERICAN INS CO</u>, and <u>EASTERN METALS</u>, <u>SUPRA</u>,

Perhaps the court is not aware of the fact that 28 U.S.C. §§ 81-131, contains two type of courts, more specifically "United States District Courts" and District Courts of the United States" as noted in 28 U.S.C. § 451, to wit;

> "The terms 'District Court' and 'District Court of The United States' mean the <u>courts</u> constituted by chapter 5 of this title [28 U.S.C. § 81 et. seq.]"

Petitioner's claim is further verified by the fact that only two(2) courts have ever been "ordain and establish"(or similar language) with Article III judicial power. These courts are District of Columbia at 28 U.S.C. § 88 and Hawaii at 28 U.S.C. § 91, to wit:

28 U.S. § 88 - District Of Columbia

> "It is consonant with the ruling of the Supreme Court in O'DONOGHUE V. UNITED STATES, 1933, 53 S. Ct. 740, 289 U.S. 516, 77 L. Ed. 1356, <u>that the (then called) Supreme Court and Court of Appeals of the District of Columbia are Constitutional courts of the United States, ordained and established under Article III of the Constitution...</u>"

28 U.S.C. § 91- Hawaii

> "Courts of the United States; district judges. Act of March 18, 1959, P.L. 86-3 § 9(a) 73 Stat, 4, effective upon the admission of the State of Hawaii into the union, provides; '<u>The United States District Court For the District Of Hawaii</u>;established by and existing under title 28 of the United States Code <u>shall thenceforth be a court of the United States with Judicial power derived from Article III, section 1, of the Constitution of the United States.</u>" Article 3, sect 1, U.S.C.S. Cont.

Not only do these facts prove that a "United States District Court" is a territorial court(noting Hawaii was in fact a territory before its entry into the union), but it is also proven that Title 28 U.S.C. is in fact territorial law. Furthermore, it must also be noted that none of the remaining courts listed in 28 U.S.C. §§ 81-131 contain language using the phrase "ordain and establish" with Article III judicial authority.

SUMMARY OF ISSUE 1-

    Throughout, Judge Thompson's order denying Petitioner relief, is the assumption that Judge Thompson thinks the "United States District Court for the District Of Connecticut" is a "district court of the United States" "ordained and established" by Congress with Article III judicial power. Petitioner's claim is not only supported by the fact that Judge Thompson relied upon 18 U.S.C. § 3231 to justify the "District Courts" authority over all criminal matters arising under the laws of the United States, when quoting the following:

> "It is settled that district courts have original jurisdiction over all criminal matters arising under the laws of the United States, See 18 U.S.C. § 3231(2000)(stating that district courts have jurisdiction, exclusive of the courts of the States of all offenses against the laws of the United States)."

    But, Petitioner's claim is further supported by the fact that Judge Thompson constantly referred to <u>"The judicial power"</u> granted under Article III of the Constitution as the courts authority to eventually convict and sentence the Petitioner as noted herein.

> "By way of background, the court notes that the Constitution vests <u>the judicial power</u> of the United States in one Supreme Court and Congressionally established courts. <u>U.S. Const. Art III § 1</u>"
>
> "<u>This judicial power</u> extends to 'all cases, in law and equity, arising under(the) Constitution, the laws of the United States, and treaties made, or which shall be made, under their authority[.]" U.S. Const. Art III & 2.

and:
> "Thus, <u>the judicial power</u> of the district court which Congress established pursuant to the Constitution, extends to 21 U.S.C. §§ 841 and 846, the statutes upon which the Petitioner was convicted."

Please See Judge Thompson's Order Denying Petitioner Relief Page 7

Clearly, the deciding factor upon which Judge Thompson based the courts jurisdiction and his decision to convict and sentence this Petitioner, was the fact that Judge Thompson erroneously presumed that he was presiding within a "district court of the United States" ordained and established by Congress with Article III judicial power as mandated under 18 U.S.C. § 3231, when in fact he was presiding within an administrative, legistative, territorial court(United States District Court). Yet contrary to Judge Thompson's presumption the United States Supreme Court has held;

> "The term 'district court of the United States'...describes the constitutional court created under Article 3 of the Constitution..."
>
> MOOKINI SUPRA

While on the other hand, the United States Supreme Court notes, a "United States District Court" describes mere territorial courts to wit;

> "The term United States District Court is not a true United States Court established under Article 3 of the Constitution to administer the judicial power of the United States therein conveyed. It is created by the virtue of the sovereign congressional faculty, granted under Article 4,[sec] 3, of that, instrument, of making all needful rules and regulations respecting the territory belonging to the United States. The resemblance of its jurisdiction to that of true United States courts in offering an opportunity to non-residence of resorting to a tribunal not subject to local influence, does not change its character as a mere territorial court."
>
> BALZAC SUPRA

Therefore, unless and until it can be proven that Judge Thompson was presiding within a "district court of the United States" that has been ordained and established with Article III judicial power as expressly mandated in 18 U.S.C. § 3231(or unless it can be proven the overtacts had taken place on federal lands under the exclusive or concurrent(criminal) jurisdiction of the United States) the court simply lacked jurisdiction to sentence this Petitioner under 18 U.S.C. § 3231.

> "Subject matter jurisdiction... is an Article III as well as a statutory requirement; it functions as a restriction on federal power, and contributes to the characterization of the federal sovereign."
>
> <u>INSURANCE CORP OF IRELAND, LTD V. COMPAGNIE DES BANXITES DE GUINESS</u>, 456 U.S. 694, 72 L. Ed. 2d. 492(1982)

Furthermore,

> "The essential point is that 'jurisdiction' as explained by the United States Supreme Court refers to a courts statutory or constitutional power to adjudicate the case"
>
> <u>SAPIA V. UNITED STATES</u>, 433 F. 3d. 212(2nd Cir. 2005)

This issue deserves further proceedings, not only because a certificate of appealability will be beneficial to Petitioner's case in hand, but it will also be beneficial to all the federal courts located in the Second Circuit, since it will set precedence regarding the true meaning of the terms, "District Court of The United States" and "United States District Court" and just what Article are they created under. Furthermore, as Justice Sutherland stated in <u>BERGER V. UNITED STATES</u>, 295 U.S. at 88.

> "The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor-indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one"

ISSUE 2-   Which District Shall Have Been Previously Ascertained By Law

Here, Petitioner contends that neither the government nor the court have ever proven by "Letter of Acceptance" or otherwise that the lands upon which the alleged "over-acts" had taken place, were in fact under federal criminal jurisdiction as mandated by both the Sixth Amendment(noted above) and held by the United States Supreme Court in ADAMS V. UNITED STATES, 319 U.S. 312(1943).

It is a well established principle of law that, "all federal legislation applies only within the territorial jurisdiction of the United States unless a contrary intent appears," see CAHA V. UNITED STATES, 152 U.S. 211, 215, 14 S. Ct. 513(1894); AMERICAN BANANA COMPANY V. UNITED FRUIT COMPANY, 213 U.S. 347, 357, 29 S. Ct. 511(1909); UNITED STATES V. BOWMAN, 260 US 94, 97-98, 43 S. Ct. 39 (1922); BLACKMER V. UNITED STATES, 284 U.S. 421, 437, 52 S. Ct. 252(1932); FOLEY BROS V. FILARDO, 336 U.S. 281, 285, 69 S. Ct. 575 (1949); UNITED STATES V. SPELAR, 338 U.S. 217, 222, 70 S. Ct. 10(1949); and UNITED STATES V. FIRST NATIONAL CITY BANK, 321 F. 2d. 14, 23(2nd Cir. 1963).

The above principle of law is expressed in a number of cases from the federal appellate courts; see MCKEEL V. ISLAMIC REPUBLIC OF IRAN, 722 F. 2d. 582, 589(9th Cir. 1983), holding the Foreign Sovereign Immunities Act as territorial; MEREDITH V. UNITED STATES, 330 F. 2d. 9, 11(9th Cir. 1964), holding the Federal Tort Claims Act as territorial; UNITED STATES V. COTRONI, 527 F. 2d. 708, 711(2nd. Cir. 1975), holding federal wiretap laws as territorial; STOWE V. DEVOY, 588 F. 2d. 336, 341 (2nd. Cir. 1978); CLEARLY V. UNITED STATES LINES INC., 728 F. 2d. 607(3rd. Cir. 1984), holding federal age discrimination laws as territorial; THOMAS V. BROWN & ROOT, INC., 745 F. 2d. 279, 281(4th Cir. 1984), holding same as CLERALY SUPRA; UNITED STATES V. MITCHELL, 553 F. 2d. 996, 1002(5th Cir. 1977), holding marine mammals protection act as territorial; PFEIFFER V. WILLIAMS WRIGLEY, JR., CO, 755 F. 2d. 554 557(7th Cir. 1985), holding age discrimination laws as territorial; AIRLINE STEWARDS & STEWARDESSES ASSN. V. NORTHWEST AIRLINES INCE., 267 F. 2d. 170, 175(8th Cir. 1959), holding Railway Labor Act as territorial; ZAHOUREK V. ARTHUR YOUNG AND CO., 750 F. 2d. 827, 829, (10th Cir. 1984), holding age discrimination laws as territorial; COMMODITIES FUTURES TRADING COMM. V. NAHAS, 738 F. 2d. 487, 493(D.C. Cir. 1984)holding commission's subpoena under federal alw as territorial;

REYES V. SECRETARY OF H.E.W., 476 F. 2d. 910, 915(D.C. Cir. 1973), holding administration of Social Security Act as territorial; and SCHOENBAUM V. FIRSTBROOK, 268 F. Supp. 385, 392(S.D.N.Y. 1967), holding securities as as territorial. The issue was perhaps best stated in CAHA V. UNITED STATES, SUPRA, where the Supreme Court stated as follows:

> "The laws of Congress in respect to those matters do not extend into the territorial limits of the states, but have force only in the District of Columbia, and other places that are within the exclusive jurisdiction of the national government," 152 U.S. at 215.

The "United States" has territorial jurisdiction only in Washington D.C., the federal enclaves within the states, and in the territories and insular possessions of the "United States", wherein the "United States" has exclusive jurisdiction, and this fundamental proposition of law is fully supported by literally hundreds upon hundreds of cases. In BOWEN V. JOHNSON, 97 F. 2d. 860(9th Cir. 1938), the question presented was whether jurisdiction over an offense prosecuted in federal court could be raised in a petition for habeas corpus. The denial of Bowen's petition was reversed in BOWEN V. JOHNSON, 306 U.S. 19, 59 S. Ct. 442(1939), the court concluding that such a jurisdiction challenge could be raised in a heabeas corpus petition, and then addressed the issue. The Court found that the U.S. both owned the property in question and had a State legislative grant ceding jurisdiction to the United States, thus there was jurisdiction in the United States to prosecute Bowen. However, if jurisdiction is not vested in the United States pursuant to statute, there is no federal jurisdiction, as was found as follows:

> "No jurisdiction existed in United States to enforce federal criminal laws until consent to accept jurisdiction over acquired lands have been filed in behalf of United States as provided in Title 40 U.S.C.S. § 255, and fact that state authorized government to take jurisdiction was immaterial." ADAMS V. UNITED STATES, 319 U.S. 312, 63 S. Ct. 112(1943)

There can be no "lawful" prosecution of a criminal charge in the federal courts absent "federal jurisdiction." KELLY V. UNITED STATES, 27 F. 616(D. Me. 1885), federal jurisdiction of a manslaughter committed at Fort Popham was upheld when it was shown that the U.S. owned the property where the offense occurred and the State had ceded jurisdiction. In UNITED STATES v. ANDEM, 158 F. 996(D.N.J. 1908) federal jurisdiction for a forgery offense was upheld on a showing that the United States owned the property where the offense was committed and the State had ceded jurisdiction of the property to the U.S. In UNITED STATES V. PENN, 48 F. 669(E.D. Va. 1880), since the U.S. did not have jurisdiction over Arlington National Cemetery, a federal larceny prosecution was dismissed.

In UNITED STATES V. LOVELY, 319 F. 2d. 673(4th Cir. 1963), federal jurisdiction was found to exist by U.S. ownership of the property and State cession of jurisdiction. In UNITED STATES V. WATSON, 80 F. Supp. 649(E.D. Va. 1948), a federal criminal charges were dismissed, the court stating as follows:

> "Without proof of the requisite ownership or possession of the United States, the crime has not been made out," Id. at 651

In BROWN V. UNITED STATES, 257 F. 46 (5th Cir. 1919), federal jurisdiction was upheld on the basis that the U.S. owned the post-office site where a murder was committed and the State had ceded jurisdiction; see also ENGLAND V. UNITED STATES, 174 F. 2d. 466(5th Cir. 1949); KRULL V. UNITED STATES, 240 F. 2d. 122(5th Cir. 1957); HUDSPETH V. UNITED STATES, 223 F. 2d. 848(5th Cir. 1955); and GAINEY V. UNITED STATES, 324 F. 2d. 731 (5th CIr. 1963). In UNITED STATES V. TOWNSEND, 474 F. 2d. 209 (5th Cir. 1973), a conviction for receiving stolen property was reversed when the court reviewed the record and learn that there was absolutely no evidence disclosing that the defendant had committed this offense within the jurisdiction of the United States. In UNITED STATES V. BENSON, 495 F. 2d. 475, 481(5th Cir. 1974), in finding federal jurisdiction for a robbery committed at Fort Rucker, the court stated:

> "It is axiomatic that the prosecution must always prove territorial jurisdiction over a crime in order to sustain a conviction therefor," Id. at 481.

In UNITED STATES V. TUCKER, 122 F. 518(W.D.KY. 1903), a case involving an assault committed at a federal dam; and UNITED STATES V. BLUNT, 558 F. 2d. 1245 (6th Cir. 1977), a case involving an assault within a federal penitentiary, jurisdiction was sustained by finding that the U.S. owned the property in question and the state involved had ceded jurisdiction. In IN RE KELLY, 71 F. 545(E.D. Wis. 1895), a federal assault charge was dismissed when the court held that the state cession statute in question was not adequate to convey jurisdiction of the property in question to the "United States." In SWEETON V. BROWN, 27 F. 3d. 1162(6th Cir. 1994) the court quoted:

> "Lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation... a court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking," Id. at 1169

In <u>UNITED STATES V. JOHNSON,</u> 426 F. 2d. 1112 (7th Cir. 1970), involving a federal burglary prosecution, federal jurisdiction was sustained upon the showing of U.S. ownership and cession by the State. Numerous cases from the 8th and 10th Circuits also require the same essential elements to be shown to demonstrate the presence of federal jurisdiction; see <u>UNITED STATES V. HEARD,</u> 270 F. Supp. 198 (W.D.Mo. 1967) <u>UNITED STATES V. REDSTONE,</u> 488 F. 2d. 300(8th Cir. 1973); <u>UNITED STATES V. GOINGS,</u> 504 F. 2d. 809 (8th Cir. 1974), demonstrating the loss of jurisdiction; <u>HAYS V. UNITED STATES,</u> 367 F. 2d. 216(10th Cir 1966); <u>UNITED STATES V. CARTER,</u> 430 F. 2d. 1278(10th Cir. 1970); <u>HALL V. UNITED STATES,</u> 404 F. 2d. 1367 (10th Cir. 1969); and <u>UNITED STATES V. CASSIDY,</u> 571 F. 2d. 534(10th Cir. 1978).

Of all the circuits, the Ninth Circuit has addressed jurisdictional issues more than any other circuits. In <u>UNITED STATES V. BATEMAN,</u> 34 F. 86(N.D. Cal. 1888), it was determined that the United States did not have jurisdiction to prosecute for a murder committed at the Presidio because California had never ceded jurisdiction, but later, California ceded jurisdiction for the Presidio to the United States, and it was held in <u>UNITED STATES V. WATKINS,</u> 22 F. 2d. 437 (N.D. Cal. 1927), that this cession of jurisdiction enabled the U.S. to sustain a murder prosecution; see also <u>UNITED STATES V. HOLT,</u> 168 F. 141(W.D. Wash. 1909); <u>UNITED STATES V. LEWIS,</u> 253 F. 469(S.D. Cal. 1918); and <u>UNITED STATES V. WURTZBARGER,</u> 276 F. 753(D.Or. 1921). Because the U.S. owned and had a state cession of jurisdiction for Fort Douglas in Utah, it was held that the U.S. had jurisdiction for a rape prosecution in <u>RODGERS V. SQUIER,</u> 157 F. 2d. 948(9th Cir. 1946). Without a cession, the U.S. is without jurisdiction, <u>STATE OF ARIZONA V. MANYPENNY,</u> 445 F. Supp. 1123(D.Ariz. 1977).

The issue was well addresses not so long ago by the U.S. Supreme Court in <u>INSURANCE CORPORATION OR IRELAND, LTD. V. COMPAGNIE DES BAUXITES DE GUINESS,</u> 456 U.S. 694, 72 L. Ed. 2d. 492(1982), wherein the court stated:

> "Subject-matter jurisdiction... is an Art. III as well as a statutory requirement; it functions as a restriction on federal power, and contributes to the characterization of the federal sovereign. Certain legal consequences directly follow from this. For example, no action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction early in the proceedings...'[T]he rule, springing from the nature and limits of the judicial power of the United States is inflexible and without exception, which requires this court, of its own motion, to deny its jurisdiction, and in the exercise of its appellate power, that of all other courts of the United States, in all cases where such jurisdiction does not affirmatively appear in the record." 456 U.S. at 702.

The above case from the various federal courts set forth the inflexible rule that in criminal prosecutions, the government, as the party seeking to establish the existence of federal jurisdiction, must prove U.S. ownership of the property in question, and a state cession of jurisdiction thereto... period.

Therefore, Petitioner believes that this serious issue herein warrants a certificate of appealability, since it would surely be debatable among reasonable jurist whether or not the government was to prove with documentary evidence["Letter Of Acceptance] that the lands upon which Petitioner's alleged "overt acts" had in fact taken place were ceded, exclusive or concurrent criminal jurisdiction by the Connecticut State legislators to the United States government, and in return did the United States district court have legislative, territorial and criminal jurisdiction to sentence the Petitioner.

This issue here surely warrants a certificate of appealability, since it would surely be debatable whether counsel would be considered ineffective for failing to bring forth the serious jurisdiction matters raised herein.

-19-

This issue here surely warrants a certificate of appealability, since it would surely be debatable whether counsel would be considered ineffective for failing to bring forth the serious jurisdiction matters raised herein.

Respectfully Submitted

*/s/ Kenneth Hawkins/*

Kenneth Hawkins-Pro-Se
Reg#04844-070-Dorm-210
Duluth Federal Prison Camp
P.O. Box 1000
Duluth MN 55814

Executed On This 24th Day Of August 2006

CERTIFICATE OF SERVICE

I, Kenneth Hawkins, hereby certify under the penalty of perjury, that on the last date given below, I deposited a true and correct copy of my NOTICE OF APPEAL, ACCOMPANIED WITH A MOTION FOR CERTIFICATE OF APPEALABILITY, in the Duluth Federal Prison Camps legal mail system with first class postage affixed to insure its proper delivery to:

        Clerk Of The Courts
        United States District Court
        450 Main Street
        Hartford, Connecticut 06103

        Michael J. Gustafson
        United States Attorney's Office
        450 Main Street
        Hartford Connecticut 06103

Executed On This 24Th day Of August 2006

*/s/ Kenneth Hawkins/*